ELIZABETH FLAGLER

*v.*

JAMES CROW, Executor, etc., *et al.*

1. BILL OF REVIEW—*when it will lie upon a decree entered by consent.* A decree entered by consent of parties cannot be set aside by bill of review without showing fraud or mistake.

2. DECREE BY CONSENT—*what constitutes consent.* A bill for partition of real estate among the parties in interest set forth that the several owners had agreed upon a partition, which was set forth in the bill, and which gave to one of the parties defendant a less estate than he was entitled to. The bill prayed that this partition, as agreed upon between the parties, might be decreed by the court. The defendant whose estate was thus to be diminished filed an answer admitting the allegations of the bill, and " desiring the prayer of the bill to be granted by the court." The decree appointing the commissioners to make the partition recited that this defendant, by his answer, admitted the facts and charges in the bill, and that he assented to and desired the prayer of the bill should be granted by the court; and the final decree of approval and investiture recited the filing of the report, and "no objections being made thereto, but the same being satisfactory to the solicitors of the parties above named, ordered," etc. It was *held,* that these proceedings showed a consent by the defendant, not only that a partition might be made, but that it might be made in the specific mode set forth and prayed for in the bill.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. ARTHUR W. WINDETT, for the plaintiff in error.

Mr. C. BECKWITH, for the defendants in error, and Messrs. WALLER & STEARNS, for the defendant Taylor, one of the *terre* tenants.

Mr. JUSTICE LAWRENCE delivered the opinion of the majority of the Court:

In December, 1848, one Augustus Garrett departed this life, leaving a will, by which he directed the income from his real estate, after the payment of debts and legacies, to be divided between his wife, Eliza, his two sisters, Mary Banks and Letitia Flagler, and his two nephews, James and Thomas G. Crow, in certain specified proportions, and further directing that, on the death of his said wife and sisters, the real estate should be divided between Charles D. Flagler, son of Letitia, and said James and Thomas Crow, or, if they should be dead, between their children *per stirpem.* The widow renounced the will,

and thereby became entitled to one-half the realty in fee, leaving only one-half to vest under the will in the manner above stated. The parties interested desired to procure a partition without waiting for the death of the widow and sisters, and for that purpose Eliza Garrett, the widow, and the said James and Thomas Crow, filed a bill at the March Term, 1851, of the Cook county Circuit Court, making Charles D. Flagler, his two children, Lucy Louisa and Elizabeth, the plaintiff in error, and all other persons interested, parties defendant. The bill set forth that the widow, the sisters, Mary Banks and Letitia Flagler, and the nephews, James and Thomas Crow and Charles D. Flagler, had agreed upon a partition of the estate, which was set forth in the bill, and that the Flagler interest was to go to Letitia during her life, then to Charles D., if he survived her, *during his life,* and then to his children in fee. Under the will, Charles D. Flagler was clearly entitled to the fee after the death of Letitia, and this record furnishes no explanation of his self-denial in taking only an estate for life.

The bill prayed that this partition, as agreed upon between the parties, might be decreed by the court. Charles D. Flagler filed an answer admitting the allegations of the bill, and "desiring the prayer of the bill should be granted by the court." It was granted. After the usual reference and report, a decree was entered appointing commissioners to make the partition as prayed in the bill. In due time they reported, and a final decree was entered approving their report and giving to Charles D. Flagler an estate for life, with remainder in fee to his children. The decree appointing the commissioners recites that, "it appears from the answers of said Letitia and Charles D. Flagler, filed herein, that the facts and charges in said bill set forth are admitted, and that they assent to and desire the prayer of said bill to be granted by the court." The final decree of approval and investiture recites the filing of the report, and "no objections being made thereto, but the same being satisfactory to the solicitors of the parties above named, ordered," etc.

At the May Term, 1853, Charles D. Flagler filed his bill of

review, setting forth all the above details, and alleging error appearing on the face of the record in the former decree, in that the decree gave Charles D. Flagler only a life estate, when by the will he was entitled to a fee. The children, Elizabeth and Lucy Louisa Flagler, were made parties, and a decree was entered reversing the former decree so far as related to the Flagler interest, and giving the fee to Charles D. Flagler. From that decree Elizabeth Flagler now prosecutes a writ of error. All the facts above set forth appear on the face of the bill of review. Certain persons have been made parties to this writ of error as *terre tenants,* who have filed a plea claiming to hold as innocent purchasers under Charles D. Flagler since the bill of review.

However much we may regret the possible consequences to innocent purchasers, we are obliged by the plainest and best settled rules of law to reverse this decree. That a decree entered by consent of parties cannot be set aside by bill of review, without showing fraud or mistake, is incontrovertible. (2 Dan. Ch. Pr. 1179; 3 id. 1602; Adams' Eq. 400.) This is not denied by the counsel for defendant in error, but it is urged that the consent herein given was simply that partition should be made, and not to this particular partition. But the facts we have already stated as appearing on the record, show beyond all question that this position is untenable. This specific partition was set out in the bill as having been agreed upon by the parties, and the court is prayed to confirm it, and the consent of Charles D. Flagler appears by his answer and by both the decrees. It would be a perversion of language if we should narrow this consent as urged by counsel. It is impossible thus to construe this record.

Counsel urge that this is a case where the law is to be strained. " To do a great right, do a little wrong." We would willingly render a different judgment if we could find ground for it in the record, but we have no dictatorial or dispensing power. It is our duty to declare the law as it is written. Established principles cannot be disregarded on account of individual hardship. Such cases must occur under

all systems of jurisprudence, but it is better that the hardship should be suffered rather than the system be overturned.

We must reverse this judgment, but we decide nothing as to the rights of purchasers from Charles D. Flagler. That must be left for future adjudication.

*Judgment reversed.*