72   483
121  193

# C. K. DAVIS

*v.*

# F. M. PICKETT.

1. SHERIFF'S SALE — *inadequacy of price no ground for setting aside.* Mere inadequacy of price, no matter how great, is not sufficient of itself to set aside a sheriff's sale, where the right of redemption is given, unless

there are some indications of fraudulent practices, or some advantage against the debtor not warranted by law.

2. PLEADING—*charge of fraudulent combination in a bill in equity should be supported by facts disclosed in the bill.* The mere charge in a bill to set aside a sheriff's sale, that there was a fraudulent combination and confederation between the sheriff and the purchaser to wrong complainant, is not sufficient. Such a charge should be based on facts disclosed in the bill tending to implicate them in such practices, and if such facts are not disclosed, and there is no other ground for the interposition of a court of equity shown, a demurrer should be sustained.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

Mr. H. H. HARRIS, for the plaintiff in error.

Messrs. GREGG & DUFF, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The bill in this case alleges that, at the April term, 1871, of the Saline circuit court, Martha J. Gaston recovered a judgment in that court, against plaintiff in error, for the sum of $138.14, and for $10.80, costs of suit; that, on the 29th day of the following May, an execution was issued and placed in the hands of the sheriff, who, on the 12th of the next June, levied on the south-west quarter of the north-east quarter of section 32, township 7 south, range 5 east, which he offered for sale on the 14th of the next July, when F. M. Pickett became the purchaser for $5, and received a certificate of purchase.

On the 26th of the same month, the sheriff levied the same execution on the south-east quarter of section 30, township 10 south, range 6 east, and, on the 31st of the succeeding August, sold the same to H. H. Harris for $2.50, and gave him a certificate of purchase. It is alleged that the 40-acre tract was worth $300, and the quarter section $2000 to $3000; that there was more cost incurred, in making these levies and sale, by $12.60, than was realized by the sales; that another execution was levied on two town lots, in the town of Harrisburg, which were worth $75 each, and these lots were sold by the sheriff,

for $2, to F. M. Pickett; that, some time in the month of August, 1872, plaintiff in error attempted to and supposed he had paid off all liabilities which were incumbrances upon his property, but he had lost sight of the sale of the 40-acre tract, and did not discover the mistake until about the 14th day of January, 1873, when the time for redemption had expired; that, immediately upon the discovery of the mistake, plaintiff in error applied to Pickett to be permitted to redeem the 40-acre tract from the sale, by paying him the amount bid, with 10 per cent interest from the day of sale, when Pickett expressed himself as entirely willing for the redemption to be made. Plaintiff in error thereupon prepared a certificate of redemption, and caused the same to be presented to him, with a tender of the $5, with 10 per cent interest thereon from the day of sale to that time; that Pickett refused to accept the redemption money and to sign the certificate of redemption, and informed plaintiff in error that he had taken from the sheriff a deed for the land; that plaintiff in error then tendered the redemption money and costs of a conveyance, and requested him to convey the lands to plaintiff in error, but this he refused to do; that the amount for which the land was sold was merely nominal, and was inadequate and insufficient to support the sale, and that the sale for such nominal sum was fraudulent and void for want of consideration. Plaintiff in error charges, on belief, the sale of the land for the nominal sum was the result of a fraudulent combination and confederation between the sheriff and Pickett, to wrong, oppress and defraud plaintiff in error. The bill concludes with a prayer that the sale be set aside and Pickett be required to convey to plaintiff in error.

To this bill defendant in error filed a demurrer, which was sustained by the court, and the bill was dismissed. To reverse that decree, the record is brought to this court on error.

This court has repeatedly said that mere inadequacy of price at a sheriff's sale is not ground for setting it aside; that there must be other grounds connected with the inadequacy of price to warrant the interference of a court of equity. *Ayers* v.

*Baumgarten,* 15 Ill. 444; *Mixer* v. *Sibley,* 53 ib. 61. In this latter case, it was said: "We do not think mere inadequacy of price, great as it may have been, would be sufficient of itself to set aside a sale in any case where the right of redemption is given, unless there are some indications of fraudulent practice, or some advantage against the debtor not warranted by law." That case seems to be decisive of this. It is the latest determination of this court, and it must control.

Here was a sale, the regularity of which is not questioned, by a sheriff, under a judgment and execution entirely regular, made after due notice, at the time and place specified, as we may infer, as nothing is charged to the contrary. A regular bid was made when the land was offered, and it was struck off to the purchaser. The bid is, perhaps, extremely small, still it was a legal bid, and the best that was offered, and the sheriff was bound to accept it, and strike the land off at the bid, or adjourn the sale, and that was in his discretion. There is nothing shown from which any unfairness can be inferred. A certificate of purchase was executed to the purchaser, and he permits the matter to slumber for eighteen months before plaintiff in error takes any steps to relieve himself from the sale. He gives no excuse, but simply says he had lost sight of the sale—not even that he had never known of the sale, but simply he had forgotten the matter, leaving us to infer that he was so indifferent to his interest, and affairs that should concern him, that he even did not charge his memory with the transaction.

The amount was small, and the plaintiff in error could certainly have paid it and redeemed the land without much inconvenience or sacrifice. The time was ample, and nothing but his careless inattention to the matter prevented him from redeeming. We look in vain in the bill to find that anything wrong or illegal was done by the sheriff or purchaser at or since the sale. If loss ensues, plaintiff in error, and he alone, is responsible for the result.

Nor does the bill allege a sufficient agreement by defendant in error to permit a redemption, when called upon for the purpose. Leaving the question of the Statute of Frauds out of

view, the allegation does not show an agreement. The allegation is, that defendant expressed himself as entirely willing for such a redemption to be made—not that he agreed that it might be made, or that such was the contract between them. Defendant then held the legal title, and a redemption could not be made under the statute, and if any redemption could be had, it would have been by contract between the parties, and on such terms as might be agreed upon by them.

The mere charge that plaintiff in error believed and charged that there was a fraudulent combination and confederation between the officer and purchaser is not sufficient. Such a charge should be based on facts disclosed in the bill, tending to implicate them in such practices, to require an answer. Hence this does not aid the bill in its want of a charge of fraudulent practices.

We are unable to see any equitable grounds of relief disclosed by the bill, and the court below committed no error in sustaining the demurrer, and the decree must be affirmed.

*Decree affirmed.*