American Insurance Company v. Egyptian Lodge No. 802, I. O. O. F.

1. INSURANCE POLICY—*how defenses in suit upon, should be pleaded.* In a suit upon an insurance policy, as a rule, defenses based upon conditions broken should be especially pleaded and evidence in support of such defenses is not admissible under the general issue alone.

2. INSURANCE POLICY—*how defense of breach of condition by change of ownership should be pleaded.* Such defense can only be relied upon at the trial when it has been interposed by special plea.

3. INSURANCE POLICY—*how construed with respect to description of property, etc.* With respect either to the description of the property insured or to the meaning and application of the terms and conditions of the policy, the courts in construing an insurance policy will endeavor to effect the purpose and intent of the parties.

4. INSURANCE POLICY—*when company cannot complain of description contained in.* Where the description of the property insured as contained in the policy was written by the agent of the company without suggestion from the insured, the company may not complain of the terms thereof.

Action in assumpsit. Appeal from the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

JAMES LINGLE, for appellant.

P. E. HILEMAN and TAYLOR DODD, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellee recovered judgment against appellant at the January term, 1906, of the Union County Court, in the sum of $800, in a suit on an insurance policy, for loss by fire occurring October 20, 1905, the property destroyed being a second story of a building and the contents therein. The policy bears date January 2, 1904, and was written by H. P. Tuthill, acting for his son Russell Tuthill, the defendant's agent. Five years before, H. P. Tuthill, as agent for the German Insurance Company, wrote a policy in like sum for appellee covering this same property. When the policy in the German Insurance Company expired, Russell Tuthill was agent for appellant, and, without application or direction from appellee, caused the property to be insured with appellant company. Appellee was notified and paid the premium, but the policy was never called for and remained in the hands of Tuthill, the

agent. It does not appear in evidence that appellee ever saw the policy prior to the fire. The contract of insurance, as it appears in the policy, is as follows:

"The American Insurance Company of Newark, N. J., in consideration of thirty-two dollars premium, does insure Egyptian Lodge 802 for the term of five years from the second day of January, 1904, noon, to the second day of January, 1909, at noon, against all immediate and direct loss or damage by fire, lightning, wind storms, cyclones and tornadoes, except as hereinafter provided, to an amount not exceeding eight hundred dollars, to the following described property while located and contained as described herein and not elsewhere, to wit: $600 on their interest shingle-roof main church building and lodge and all permanent fixtures, (excluding pews, pulpit and other fixtures) fresco and decoration work, steam, water and gas pipes, lighting and ventilating and stationary heating apparatus, and stained glass, situated Sec. 19, T. 12 I. E., Union county, Illinois, their interest being the entire second story of said building, $200, on lodge furniture and fixtures, paraphernalia and lodge supplies, including printed books, music, maps, charts and fuel, on pipe organ and appurtenances, cabinet organ and piano, all while contained in the above described church building and lodge."

Among other conditions affecting the liability of the company it is provided that "if any change takes place in the title, possession or interest of the assured in any of the above mentioned property, or if the assured shall not be the sole and unconditional owners in fee of said property, both at law and in equity, this policy shall be null and void." It is further provided that "any fraud or attempt at fraud, or false swearing on the part of the assured, either in his proofs of loss or otherwise, shall cause a forfeiture of all claims under this policy." At the time of the fire appellee was in possession of the premises destroyed, under a lease from the Cumberland Presbyterian Church. The lease

was dated and executed August 15, 1893, and demised to appellee the second story of the church building for the period of ninety-nine years, the lessee to pay rent, paint the church, maintain the roof, furnish and keep in repair the hall which was the second story. The hall was occupied and used by appellee for lodge purposes and in it was kept the furniture, properties, paraphernalia, etc., usual and incident to this purpose.

The declaration is in assumpsit, to which appellant filed the general issue. The grounds of defense relied upon in the trial and contended for here are (1) that appellee was not the sole and unconditional owner of the property; (2) that there was a change of interest or possession of assured in the property, and (3) that there was false swearing in making the proof of loss. Complaint is made of the trial court's rulings in the admission and exclusion of evidence, of instructions given, refused or modified, and that the verdict is contrary to law and against the weight of the evidence. In a suit upon an insurance policy, as a rule, a defense based upon conditions broken should be specially pleaded and evidence in support of such defense is not admissible under the general issue alone. But in the trial of this case appellee introduced evidence in chief to prove compliance with the conditions and thus enlarged the issues made by the pleading and opened the way for admission of appellant's evidence in defense. The proof as to change of possession did not "incidentally creep in," as stated in argument, but was brought into the trial and made an issue by appellee.

The purpose of a contract of insurance is indemnity for loss suffered. Such must be held to have been the purpose and intent of the parties to the contract on which this suit was brought. To assume otherwise would discredit the motive of appellant. It was for this the premium was paid and the policy issued. A loss of the property insured having occurred, liability of appellant attaches, unless by some act in violation of the express terms or conditions of the policy-con-

tract appellee has forfeited its right to the indemnity promised. So far as a question of construction is involved, either as to the description of the property insured or as to the meaning and application of the terms and conditions relied upon in defense, the courts will endeavor to so construe the contract as to effect the purpose and intention of the parties. This is a rule of general application in the construction of contracts and in reason and justice especially to be observed in determining the rights of parties under insurance contracts. In this case appellant's agent wrote the policy, and by it insured appellee's *interest* in the second story of the church building. That interest was a leasehold, and in effect so stated in the policy, for it was limited to the second story which cannot be taken and held in fee, because that is in the land upon which the building stands. The condition that the assured shall be the sole and unconditional owner in fee, is without application as not relating to the property insured. The description of the property insured is as it was written by appellant's agent, without direction or suggestion from appellee, and appellant may not complain that it is not as clear and definite as it might have been. We think it quite sufficient to warrant the construction here given, and, under all the circumstances, there can be no doubt of the intention and understanding of both parties as to the appellee's interest in the property. In answer to special interrogatories, submitted by request of appellant, the jury found there was no change of possession or interest in the property. This finding was fully justified by the evidence. The most that may be claimed under the testimony is that appellee agreed to enter into a contract with the Modern Woodmen by which one-half interest in the property would be leased or assigned. But it does not appear that such contract was ever executed or that the half interest in the property was in fact assigned or transferred. Unless the Modern Woodmen held the property and possession thereof by

virtue of a valid and binding agreement with appellee, and this we think the evidence fails to show, they were without title, and their possession and use of the lodge room and furniture was merely by sufferance, or at most as subtenants, whose possession was that of appellee. This would not affect appellee's rights under the policy.

The jury also returned a special finding that the plaintiff was not guilty of false swearing. That issue was fairly submitted to the jury and their verdict is conclusive.

The jury were properly instructed as to the measure of damages (appellee's instruction No. 26 and appellant's modified No. 8), and the court's rulings on the trial, in the admission of evidence pertaining to damages, was in harmony with these instructions. Under the weight of the evidence the damages are not excessive. As already indicated, we are of the opinion that a fair construction of the language used in the policy bound the appellant to an insurance of the appellee's building, and from the language used in description appellant must be held to have known that appellee's interest was that of lessee. There was then no question of notice for the jury to try, and whatever errors may have been committed on the trial in the evidence, or instructions upon that question, they were harmless and need not be further considered. We do not find prejudicial error affecting appellant's rights in the trial of other and material questions submitted. The judgment of the County Court will, therefore, be affirmed.

*Affirmed.*