MICHAEL HARRIGAN vs. COUNTY OF PEORIA, Appellee.—
(MAGGIE HARRIGAN, Appellant.)

*Opinion filed February 21, 1914.*

1. BILLS OF REVIEW—*bills of review fall into three general classes.* For practical purposes bills of review, or bills in the nature of bills of review, are divided into three classes, which are: bills for error appearing on the face of the record, bills for newly discovered evidence, and bills for fraud impeaching the original transaction.

2. SAME—*rule as to obtaining leave to file a bill of review.* A bill of review for error apparent on the face of the record or to impeach a decree for fraud may be filed without leave of court, but leave must be obtained before the filing of a bill of review for newly discovered evidence, or where the averment of newly discovered evidence is united to or accompanied by a charge of fraud in obtaining the decree or united with allegations as to errors of law upon the face of the record.

3. SAME—*what amounts merely to a claim of error apparent on face of the record.* Allegations in a bill of review to the effect that the provisions of the State and Federal constitutions as to due process of law were not observed in the original proceeding, amount merely to a claim of error apparent on the face of the record.

4. SAME—*when bill for error apparent on face of record cannot be maintained.* A bill of review for errors apparent on the face of the record cannot be maintained where the original proceeding has been taken to a court of review and the decree therein affirmed.

5. SAME—*what essential to right to maintain bill of review for newly discovered evidence.* Before a bill of review can be filed for newly discovered evidence it must clearly be shown by the allegations of the bill that the new matter was discovered after the original decree was entered, and that it could not by the exercise of reasonable diligence have been discovered before that time.

6. SAME—*mere conclusions of pleader do not amount to charge of fraud.* One who seeks to maintain a bill of review for fraud in the original proceeding must state in his bill the facts relied upon to show the fraud, and mere conclusions of the pleader, unaccompanied by an averment of the facts, do not amount to a charge of fraud.

7. SAME—*what does not amount to a charge of fraud.* Allegations in a bill to review the decree in an escheat proceeding, which are to the effect that the court was led by fraud and circumven-

tion into misconstruing certain provisions of the statute pertaining thereto, without setting out any facts to show how the court was misled, do not amount to a charge of fraud.

8. SAME—*failure to obtain leave to file a bill of review may be ground for demurrer.* Failure to obtain leave to file a bill of review in a case where leave to file the same is required may be taken advantage of by special demurrer or may be ground for a motion to strike the bill from the files. (*Griggs* v. *Gear,* 3 Gilm. 2, and *Forman* v. *Stickney,* 77 Ill. 575, explained.)

9. TAX DEEDS—*when holder of certificate of purchase is not deprived of any right without due process of law.* The right of the holder of a certificate of purchase at a tax sale amounts only to a lien which may under certain circumstances entitle him to a deed, but the holding of the court in an escheat proceeding that the provisions of the statute have not been so followed as to entitle him to a deed but that he is entitled only to reimbursement does not deprive him of any contract or vested right without due process of law.

APPEAL from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

MANSFIELD & COWAN, for appellant.

C. E. McNEMAR, County Attorney, and WILLIAM JACK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill of review filed in the circuit court of Peoria county by Michael Harrigan to vacate and set aside a decree entered by that court, on the ground that the provisions of the State and Federal constitutions as to due process of law had not been observed in the original proceedings. It is contended in the briefs of appellant that the bill alleged that the original proceedings should be vacated on the ground of newly discovered evidence and for fraud. General and special demurrers were filed to the bill and on a hearing sustained, the bill being dismissed for want of equity, at Harrigan's costs. Pending the hearing in the trial court the death of Michael Harrigan was suggested and Maggie Harrigan was substituted as complainant in

his stead. The case has been brought direct to this court because of the contention that the provisions of the constitution as to due process of law have been violated.

In order to understand the questions to be considered a brief history of the case and the litigation connected therewith is necessary.

In September, 1897, one Adaline Cole died intestate, seized and in possession of a certain lot in the city of Peoria. In 1898 the premises were assessed for taxes in the name of her estate, and the taxes for that year being unpaid, the property was sold June 17, 1899, to Michael Harrigan, the complainant, for $265.87. Shortly after the death of Adaline Cole one Richard Welch, claiming to be her common law husband, took out letters of administration on her estate in the probate court of Peoria county and filed an inventory of her effects, including the real estate here in question. Subsequently, on March 28, 1900, the State's attorney of Peoria county filed an information under our Statute of Escheats, in the circuit court of that county, setting forth the fact of Adaline Cole's decease, intestate and without legal heirs, and alleging that Richard Welch falsely claimed to be her common law husband but that he never held such a relationship, and further alleging that Adaline Cole left no one, under the Statute of Descent, entitled to said real estate, and that the property therefore had escheated to the county, as provided by statute. Richard Welch, previous to the escheat proceedings, had conveyed his alleged interest in the property to his brother, John B. Welch. The latter filed his answer, claiming to be the owner. While such escheat proceedings were pending, on July 10, 1901, Harrigan filed his affidavit with the county clerk of Peoria county demanding a tax deed for the said premises under the tax sale made to him in 1899. Five days thereafter, on July 15, 1901, an order was entered in the escheat proceedings in the circuit court finding that the county had acted in said proceedings in all

respects according to law; that Adaline Cole left no heirs
or representatives capable of inheriting said premises; that
Richard Welch was not her common law husband and that
the county of Peoria was seized of said lot.   July 22, 1901,
the county of Peoria filed a bill in chancery in the circuit
court of Peoria county alleging the ownership of the prop-
erty in question, setting forth the sale thereof for taxes to
Michael Harrigan in 1899 and the fact that he had filed his
affidavit with the county clerk and was demanding a deed
to said premises.   It further alleged that Harrigan had not
complied with the law in such a manner as to entitle him
to a deed; that when he filed such affidavit the escheat pro-
ceedings were pending in the circuit court of Peoria county,
and that, under sections 216 and 217 of the Revenue law,
before filing said affidavit it was his duty to give due notice
to the county of Peoria, the owners or parties interested,
and that he had not done this.   The bill further alleged that
if a tax deed were issued as requested in such affidavit it
would cast a cloud upon the title of the county, and prayed
that the county clerk be enjoined from executing the deed
to Harrigan and that the tax certificate to him should be
held null and void.   Harrigan filed an answer to this bill,
and on a hearing the circuit court held that the affidavit
was insufficient, and entered a decree canceling said tax
certificate and enjoining the county clerk from issuing a
deed thereunder, requiring, however, the county to refund
to Harrigan the amount he paid for the land at said tax
sale, together with interest and costs.   From this decision
Harrigan appealed to this court.   The appeal, under the
statute that then existed, was dismissed on the ground that
no freehold was involved.   The cause was then taken by
appeal to the Appellate Court for the Second District, (106
Ill. App. 218,) which held that the affidavit was informal
and insufficient and that the trial court had properly can-
celed the tax certificate and enjoined the county clerk from
issuing a tax deed thereunder, but reversed the cause on

the ground that the decree did not properly find the amount
due Harrigan, and directed that the matter be referred to
a master to compute the correct amount. Under the man-
date of the Appellate Court the trial court referred the
cause to a master, who filed a report showing the amount
due. This report was approved in the circuit court, and a
decree was entered therein conforming in all other details
to the former decree in said cause. From this last decree
an appeal was again taken to the Appellate Court, and that
court affirmed the decree of the lower court in all respects.
(128 Ill. App. 161.) The case was then brought to this
court on appeal, and the judgment of the Appellate Court
was affirmed, (226 Ill. 270,) a rehearing in this court be-
ing denied in April, 1907.

This bill of review was filed in the circuit court of
Peoria county December 30, 1910. It sets out in a general
way the proceedings as given above, and makes a part of
the bill the pleadings in the original escheat proceedings
filed in the circuit court of Peoria county and also the
pleadings in the original chancery proceedings canceling the
certificate and enjoining the issuing of a tax deed there-
under. The bill is of great length, and we shall only at-
tempt to set out the material allegations as stated by coun-
sel for appellant in the briefs, including substantially all the
allegations as to fraud or newly discovered evidence. It
is alleged that the said land could not escheat, under the
statute, to the county of Peoria, and that the escheat pro-
ceedings carried on by the county of Peoria, as well as the
bill for an injunction, were improperly and illegally brought
by the State's attorney for said county; that the State's at-
torney was not authorized by the county to institute either
of said proceedings; that the county did not have posses-
sion of the premises at the time the bill for injunction was
filed; that the county authorities imposed upon the court
by fraud and circumvention, leading the court to believe
that the county did have possession of said premises at that

time; that the court was imposed upon by fraud and cir-
cumvention, and thereby led to believe that the county of
Peoria was a necessary party to be notified, under said sec-
tion 216 of the Revenue law, by Michael Harrigan before
he was entitled to a tax deed; that said sections 216 and
217 of the Revenue law did not apply to the county of
Peoria, and that fact was overlooked by the court in the
former proceedings; that said escheat proceedings were
wholly void for want of proper parties and also for de-
fective notice of publication; that the appellee, the county
of Peoria, in the years 1900 and 1901 received taxes for
said years on the said lot from Michael Harrigan when it
claimed to be the owner of said land, which amounted to
actual fraud upon Harrigan; that the fact that the pro-
ceedings under the former litigation were in violation of
the constitutions of the United States and of the State of
Illinois was not known to Michael Harrigan until shortly
before the filing of this bill of review.

Some discussion is found in the briefs as to whether
this is a bill of review or a bill in the nature of a bill of
review. As the same principles are generally applicable in
this country to all varieties of this species of bills (Story's
Eq. Pl.—10th ed.—sec. 403,) it is unnecessary to discuss
this point. For all practical purposes all bills of review or
bills in the nature of bills of review are divided into three
general classes: Bills for error appearing on the face of
the decree, bills upon discovery of new matter, and bills
based upon allegations of fraud impeaching the original de-
cree. (Story's Eq. Pl.—10th ed.—secs. 412, 426; 2 Dan-
iell's Ch. Pl. & Pr.—6th Am. ed.—chap. 33, sec. 5; *Griggs*
v. *Gear,* 3 Gilm. 2; *Schaefer* v. *Wunderle,* 154 Ill. 577.)
A bill of review for error apparent upon the face of the
record or to impeach a decree for fraud may be filed with-
out leave, but leave of court must be obtained before the
filing of a bill of review for newly discovered evidence;
and such leave is also necessary where the averment of

newly discovered evidence is united to or accompanied by a charge of fraud in obtaining the decree or united with allegations as to errors of law on the face of the record. 2 Beach's Modern Eq. Pr. sec. 868; 3 Ency. of Pl. & Pr. 586; *Glos* v. *People,* 259 Ill. 332; *Griggs* v. *Gear, supra; Schaefer* v. *Wunderle, supra.*

Counsel for appellant, as already stated, claim that this bill was filed on the ground of newly discovered evidence and for fraud. As we understand the allegations of the bill and the contentions of counsel as set forth in the briefs and arguments, we are disposed to think that all the allegations, in their last analysis, simply amount to a claim that the provisions of the State and Federal constitutions as to due process of law were not followed in the original proceedings, and that this contention amounts simply to a claim of an error apparent on the face of the original decree, this being, under our practice, any error appearing in the decree when examined with the bill, answers and all other pleadings. (Story's Eq. Pl.—10th ed.—380; *Glos* v. *People, supra.*) If this conclusion be correct, then, under the law, Michael Harrigan was not authorized to file a bill to review that question. After a judgment is entered by an appellate court a bill of review will not lie for errors on the face of the decree. (2 Beach's Modern Eq. Pr. sec. 855; 3 Ency. of Pl. & Pr. 574; Story's Eq. Pl.—10th ed.—sec. 408; *Schaefer* v. *Wunderle, supra; Southard* v. *Russell,* 16 How. 547; *Franklin Savings Bank* v. *Taylor,* 53 Fed. Rep. 854.) To permit this would amount to allowing a bill of review to act as a substitute for an application to re-hear in the lower court the judgment of the Appellate Court.

It is urged by counsel for appellant that Michael Harrigan did not know that the original decree, the judgment of the Appellate Court and that of the Supreme Court were contrary to the State and Federal constitutions until just before he filed this bill. Under the authorities a mistake of law, pure and simple, furnishes no adequate ground for

relief. (2 Pomeroy's Eq. Jur.—3d ed.—sec. 842.) It is sometimes stated that ignorance of foreign laws should not be classed strictly as ignorance of law but rather as ignorance of facts. This court, however, held in *Schaefer* v. *Wunderle, supra,* that ignorance of the laws of a foreign country furnished no sufficient justification for allowing a bill of review to be filed after the case had been once heard and decided by this court. In *Hoffman* v. *Knox,* 50 Fed. Rep. 484, it was held that where a decree of a Federal court fixed the priorities of claims against an insolvent corporation under the authority of an act of the State legislature, the question of the validity of the act not being raised at the time said decree was entered, a bill of review would not lie for error apparent because that act was subsequently adjudged unconstitutional and void by the State courts. The opinion in that case was written by Chief Justice Fuller, of the United States Supreme Court, sitting as a circuit justice, and states (p. 491) : "We cannot find that these bondholders raised any question whatever as to the validity of these laws, but, on the contrary, the exceptions they filed were directed to throwing out particular claims as not within the terms of the statutes, or claims, in whole or in part, as barred thereunder. It·is a general rule that a bill of review will not lie to impeach a consent decree. (*Thompson* v. *Maxwell,* 95 U. S. 391.) And if these complainants chose to acquiesce in the allowance of these claims under these statutes they had a perfect right to do so, but ought not now to be allowed, in view of a decision rendered eighteen months after this decree, to say that error was committed in particulars which they waived by their conduct. . * * * In the interest of the stability of judicial decisions their want of diligence ought to be held fatal to their application." If counsel for appellant failed to raise the question as to the constitutionality of the Revenue statutes, which is here urged, it is too late now to raise that question. By not raising it they waived it, and the decree

of the lower court 'and the judgment of the upper court on
that point may be treated as entered by consent. A bill of
review does not lie to review a consent decree. See in ad-
dition to the authorities already cited, 3 Ency. of Pl. & Pr.
592; *Flagler* v. *Crow,* 40 Ill. 414; *Cox* v. *Lynn,* 138 id.
195; 2 Beach's Modern Eq. Pr. sec. 853.

If, however, it be conceded, for the purposes of this
case, that the allegations of the bill do not show that it is
based entirely upon errors of law apparent on the face of
the decree, we think it is manifest from the reading of the
bill, as well as from the contentions of counsel in their
brief, that such diligence was not shown as would justify
the filing of the bill of review on the ground of newly dis-
covered evidence or fraud. An examination of all the al-
legations as to newly discovered facts shows clearly that
all of them existed and were known to Michael Harrigan
previous to the filing of the original bill, or if not, they
could have been discovered by the exercise of reasonable
diligence. Before a bill of review can be filed for newly
discovered evidence it must clearly be shown by the allega-
tions of the bill that the new matter was discovered after
the original decree was entered and could not have been
discovered before by the exercise of reasonable diligence.
(*Lewis* v. *Topsico,* 201 Ill. 320, and cases cited; *Elzas* v.
*Elzas,* 183 id. 132; Story's Eq. Pl.—10th ed.—sec. 414.)
Every allegation as to the State's attorney not being au-
thorized to file the escheat proceedings or the bill for in-
junction was well known to Michael Harrigan in the original
proceedings, as that question was discussed fully in the de-
cisions of the Appellate Court in passing upon the original
decree. The question, also, as to whether the escheat pro-
ceedings brought by the county in the circuit court were
void is shown by the exhibits attached to this bill of review
to have been raised in the former proceedings. Whether
Michael Harrigan had paid the taxes on said lot for the
years 1900 and 1901 after the land had been sold to him

and a tax certificate issued was also raised in the former proceedings, the master in chancery on the second hearing finding that he did not pay such taxes for said years, and the Appellate Court in its decision in 128 Ill. App. 161, holding that as he had not claimed, in his objections to the master's report, that the amount awarded to him was insufficient, such contention could not be raised in that court.

Some of the allegations claimed to be fraudulent we have heretofore set out. It is clear from an examination of these allegations, as well as from other allegations of fraud set out in the bill, that they are mere conclusions and not allegations as to facts amounting to fraud. A party alleging fraud must state in his pleadings the facts relied upon to show fraud. Mere conclusions of the pleader without averments as to facts will not support an allegation of fraud. (*Davis* v. *Pickett,* 72 Ill. 483; *Sterling Gas Co.* v. *Higby,* 134 id. 557; *State* v. *Illinois Central Railroad Co.* 246 id. 188; *Sanitary District* v. *Gifford,* 257 id. 424.) Michael Harrigan in his allegations did not show, in any way, how the authorities of the county willfully misled him or the court as to the law or the facts in the original proceedings. Indeed, most of the allegations of fraud amount simply to a charge that the court in the former proceedings misconstrued the law as to sections 216 and 217 of the Revenue law, being led thereto by fraud and circumvention, without setting out any facts showing how it was misled. On such allegations in a bill a charge of fraud can not be sustained.

The allegation that Michael Harrigan was not a party to the escheat proceedings was raised in the former proceedings. The allegations in this bill that Harrigan was not served with summons in the original injunction proceedings or did not have notice of the various steps that were taken in that hearing before the first appeal to the Appellate Court, or thereafter, are shown by the exhibits attached to this bill to be without force. Harrigan filed an

answer to the original bill for injunction, and it is clear from the pleadings attached to the bill and from the opinions of the Appellate Court that he had an opportunity to be heard on all material questions.

No leave was obtained in the circuit court before this bill of review was filed. It is conceded by counsel for appellant that leave must be obtained for filing a bill of review alleging the discovery of new matter since the hearing in the former proceeding, but they contend that if a bill be filed without leave that question cannot be raised by demurrer. In this counsel are mistaken. If a bill requiring leave is filed without such leave first having been obtained, it may be demurred to for this irregularity or stricken from the files on motion. (*Glos* v. *People, supra;* 2 Daniell's Ch. Pl. & Pr.—6th Am. ed.—1579; 3 Ency. of Pl. & Pr. 589; 2 Beach's Modern Eq. Pr. sec. 868.) The authorities cited by counsel for appellant, such as *Griggs* v. *Gear, supra,* and *Forman* v. *Stickney,* 77 Ill. 575, only hold that the objection that a bill of review was not regularly filed because of the non-performance of the original decree cannot be raised by demurrer. Those decisions, in view of the facts on the question involved, were eminently proper and within the settled rules of law. In this case appellee not only demurred generally, but in a special demurrer particularly set out that the bill was filed without leave of court. Even for that reason, alone, if the contentions of counsel for appellant are true that the allegations of the bill set out newly discovered evidence, the lower court rightly sustained the demurrer.

Many of the numerous decisions cited by counsel for the appellant might require consideration if this were the appeal in the original proceedings but have no bearing on the right to file a bill of review under the facts heretofore stated.

Counsel for appellant have discussed at such length and so earnestly the question of due process of law, that, not-

withstanding our holding that appellant is foreclosed in this hearing by the former proceedings, we deem it proper to say that nothing is disclosed in this record that in any manner justifies the contention of the appellant that in the original proceedings the provisions of the Federal and State constitutions were not duly observed. "Due process of law, in each particular case, means such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." (Cooley's Const. Lim.—7th ed.—506; *Klafter* v. *Examiners of Architects,* 259 Ill. 15; *People* v. *Apfelbaum,* 251 id. 18, and cases cited.) The escheat proceedings declaring that the property belonged to the county of Peoria and the bill to enjoin the issuing of the deed to Michael Harrigan were carried on in accordance with the provisions of our statutes on escheat and revenue, and therefore in accordance with all the safeguards and maxims prescribed "for that class of cases." Counsel's argument that after the tax certificate of his purchase had been issued to Harrigan he had a contract or vested right in no way supports their contention that the rules as to due process of law had not been observed. It is a familiar rule in this and other jurisdictions that the right of a purchaser under a tax certificate amounts only to a lien, which may, if all the provisions of the statute are carried out and the premises are not redeemed under the statute, entitle him to a deed. (*Galbraith* v. *Plasters,* 101 Ill. 444; *Johnson* v. *McDonald,* 196 id. 394; *Hammalle* v. *Lebensberger,* 256 id. 547; 2 Blackwell on Tax Titles,—5th ed.—sec. 954.) The court held in the former proceedings that the provisions of the revenue statute had not been followed so as to entitle Harrigan to a tax deed. This holding in no way deprived him of any vested or contract right contrary to the law of the land.

Other points have been suggested or referred to in the briefs. What we have said, however, covers every material question that has been called to our attention. To attempt to set out and discuss in detail the numerous points and authorities cited or the questions subsidiary to those already considered would unnecessarily lengthen an opinion already too long.

The decree of the circuit court of Peoria county will be affirmed.                    *Decree affirmed.*