FOURTH DISTRICT—NOVEMBER, 1919.     287

Storment et al. v. Hartford Fire Ins. Co., 215 Ill. App. 287.

Louisa Storment and Nora M. Alexander, trading as Storment & Alexander, for use of Albert Watson et al., trading as Bank of Bonnie, Appellants, v. Hartford Fire Insurance Company, Appellee.

1. INSURANCE, § 336*—*when insurer estopped to take advantage of mistake in description of property.* Where a fire insurance company's agent authorized to solicit insurance, indorse and deliver policies and collect the premiums, prepared without any suggestion from the insured or her agent, the·incorrect description of the property contained in the policies in question, the company was precluded from taking advantage of its own mistake or that of its agent.

2. INSURANCE, § 663*—*when evidence tends to show insurer not misled by incorrect description of land.* In an action on a fire insurance policy, where it was claimed that an incorrect description of the land upon which the building was located vitiated the policy, evidence that there was no other building of that kind or character in the village in question, and no other building occupied by the insured in such village, tended to show that the insured could not have in fact been misled as to the building or its location.

3. INSURANCE, § 331*—*when knowledge of agent as to ownership of premises is imputed to insurer.* Knowledge of the agent of the insurer that the holder of the policy in question was not the sole owner of the premises was imputed to the insurer.

4. INSURANCE, § 331*—*what does not affect rule that notice to agent is notice to insurer.* The rule that notice to the agent of a fire insurance company at the time of the application for insurance, of facts material to the risk, is notice to the insurer and will prevent it from insisting upon a forfeiture for causes within the knowledge of its agent, was not affected because the agent in question was a joint owner of the bank which held a mortgage against the premises in question, and loss was made payable to such bank.

5. INSURANCE, § 261*—*when sale by partner will not vitiate fire policy.* Where one partner sells out his .interest in the property to another, such sale will not vitiate the policy, even though there was a condition that the policy should become void if the property be sold or conveyed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. INSURANCE, § 692*—*when instruction applying iron-safe clause is incorrect.* A proposition of law to the effect that if the insured in a policy covering buildings and stock in trade, failed to keep an iron safe and keep therein their books of account and inventory as required by the terms of the policy, then the whole policy became void, was incorrect, as it could not have been in the mind of either of the parties at the time of issuing the policy that the failure to keep account books or an inventory in an iron safe in the store would in any manner affect the insurance upon the building.

7. INSURANCE, § 684*—*when question of waiver of requirements of fire policy is for jury.* The question of waiver of requirements of fire insurance policies is one of fact for the jury.

Appeal from the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed November 7, 1919.

KAGY & VANDERVORT, for appellants; CURTIS WILLIAMS, of counsel.

CHARLES B. OBERMEYER and NORMAN H. MOSS, for appellee.

PER CURIAM.

The original opinion in this case was written by the late Justice McBride, and, with some slight modifications, was adopted and filed as the opinion of the court. A rehearing having been granted, the cause was reargued at the present term of court, and upon further consideration of said cause we have reached the same conclusion and adhere to our former holding and refile said opinion as the opinion of the court on the rehearing.

*Reversed and remanded.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

It appears from the record in this case that appellants Storment and Alexander had policies of insur-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ance in the Hartford Fire Insurance Company for
$2,000, dated September 25, 1916, $500 of which was
upon the building and $1,500 upon the stock of mer-
chandise, and that they also had policies of insurance
in the Aetna Insurance Company, one for $500 on the
building, dated September 21, 1916, one for $1,500 upon
the stock of merchandise, dated January 20, 1917, and
one for $500 upon the building, dated May 11, 1917,
each of said policies being for one year.  Suits were
brought by appellants against the Hartford Insurance
Company for the policies issued by it and against the
Aetna Insurance Company for policies issued by that
company.  The two cases were tried together by the
court, separate judgments rendered and the court upon
the trial found the issues for the defendant and ren-
dered judgment against the plaintiffs for costs of suit,
and this appeal is prosecuted to reverse such judgment.

In June, 1915, the appellants, Storment & Alexander,
purchased of McCormicks Lots 13 and 14 in J. H.
Crosnous Addition to the Town of Bonnie, except 75
feet off of the south end of said lots, situated in Jef-
ferson county, Illinois, and shortly thereafter and
prior to the issuing of said policies, said premises were
conveyed to the appellants, Storment & Alexander.  On
September 25, 1916, the appellee issued to the appel-
lants an insurance policy upon the building located
upon said lots and upon the stock of goods contained
therein, and the building in said policy was described
as a 2-story frame building, combination roof, and its
additions adjoining and connecting, now and to be
occupied for general store and dwelling purposes
only and situated on lot 1, block 14 in the Town of
Bonnie, Illinois; and also upon the stock of dry goods,
groceries, boots, shoes, hardware, produce, etc.  It
further appears that E. N. Dare was acting as the agent
of appellee at Bonnie and wrote the description of
the land upon which the building was situated with-
out any suggestions, so far as the record discloses,

from appellants or their agents. It further appears that in March, 1917, appellant Nora Alexander and her husband were desirous of going to Michigan for the purpose of seeing how they would like to live there and gave a deed to Louisa Storment conveying their interest in the property, but said deed was not recorded; and it seems by the record that there was an understanding between these people that if Alexander and his wife were not satisfied in Michigan they would come back and have their property again, but they never returned until after the fire. The fire occurred on the 14th day of May, 1917, and at the time of the fire the title of the property seems to have been in Louisa Storment. It appears that E. M. Dare, the agent of appellee, had knowledge of these several transfers and that the "appellants" consulted him at or about the time the transfers were made; that he told them that such transfers would be all right. After the fire Lewis R. Noble, adjuster for appellee, and also for the Aetna Insurance Company, came to the Town of Bonnie for the purpose of adjusting this loss, and upon his arrival ascertained that the appellants had not kept an inventory of their goods in any iron safe as required by the terms of the policy, and upon learning this fact he refused to proceed further with the adjustment until an agreement was entered into to proceed with the adjustment without prejudice to the rights of either parties.

The policy contained a clause that: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss. * * * Or if the interest of the insured be other than uncondi-

tional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple;   *   *   *   or if any change, other than by death of an insured, take place in the interest, title or possession of the subject of insurance (except of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise.'' It also contained a clause by which appellants agreed to keep an inventory of their stock of goods and keep the same securely locked in a fireproof safe at night and at all times when the store was not actually open for business, or in some safe place not exposed to a fire which would destroy their house where said business was carried on, and an agreement to produce such books and inventory, and in case of a failure to produce the same, this policy was to be null and void, and no suit or action at law should be maintained for such loss. At the time of the effort to adjust the loss the husband and agent of appellant upon opening the safe was unable to find the inventory but did find an inventory of a stock of goods he had at Salem, Illinois, which he stated had by mistake been put in the safe the night before instead of the inventory of the stock of goods in question. He claimed, however, that at the time the inventory was made he wrote down the amount of such inventory and gave it to his wife and that said inventory amounted to $6,817.23. This was of the store and fixtures. After the signing of said agreement, with reference to proceeding without prejudice to the rights of parties, the appellant at the request of the adjuster of appellee procured several invoices of goods that were in the store and gave some of them to him at the time and forwarded others after that. The invoices were never returned and suit was instituted upon the policies.

It further appears that the bank of Bonnie had a mortgage upon the premises where this building was

situated for $1,300, and there was a clause inserted in the policies by the appellee providing for the payment to said bank, in case of loss, as its interest might appear.

Appellants filed a declaration counting upon the policy above set forth, to which no objections were made, and appellee thereafter filed a plea of general issue thereto and it was stipulated by the parties that any evidence that could be introduced under a proper plea should be introduced and considered by the court in the trial of these cases.

In the argument of this case the principal points considered and necessary to be determined by this court are: First. As to the effect of the misdescription of the land upon which the building was situated, and the effect of the conveyance by Alexander and his wife to Mrs. Storment, made by them after the issuance of this policy and prior to the fire. Second. The effect of appellant's failure to keep an inventory of the stock of goods in an iron safe, as provided should be done in the policy.

In the determination of this case it will be necessary to bear in mind that courts never look with favor upon forfeitures and will only give effect to them where there is a clear right shown. *German Ins. Co. of Freeport v. Gibe,* 162 Ill. 257.

It appears that E. M. Dare was the agent of appellee and as such was authorized to solicit insurance, indorse policies and deliver the same to the insured, and collect the premiums therefor. It further appears that the premises upon which the building was situated were not accurately described in the insurance policies and that Storment and Alexander were not the actual owners in fee simple of the lot upon which the policy stated that the building was situated, but the policy contained a description of the building, its uses and purpose, and the evidence showed that there was no other building of that kind or character in the village

of Bonnie, and no other building occupied by Storment and Alexander as a storeroom in said town, so that the Insurance Company could not have in fact been misled as to the building or its location. The evidence shows that the agent, E. M. Dare, prepared the description contained in the policy without any suggestion, so far as the record discloses, from the appellants or their agent, and this being true, we are of the opinion that appellee ought not be allowed to take advantage of its own mistake in the preparation and description contained in the policy. This is not an open question in this court. In the case of *American Ins. Co. v. Egyptian Lodge*, 128 Ill. App. 161, it was held that where the description of the property was written by the agent of the Insurance Company without direction or suggestion from the insured, that the company was not in a position to take advantage of an error in description. There is nothing in the circumstances surrounding the issuing of these policies and nothing claimed by counsel for appellee of a fraudulent nature in the destruction of the goods, and we do not believe that appellee should be allowed to escape liability upon a technical objection resulting from the mistake of its own agent.

It is also insisted by counsel for appellee that appellants were not the sole owners in fee simple of the lands upon which this building was situated at the time of the fire and for that reason they are prohibited from recovering because of the clause in the policy providing that unless they are the owners in fee simple the policy shall be null and void. It is contended that when Mr. and Mrs. Alexander conveyed all of their interest in this lot to Mrs. Storment, the ownership of the fee became vested in Mrs. Storment alone, and by reason thereof appellants are not entitled to recover. The agent, E. M. Dare, was consulted by Storment at about the time the conveyance was made, and before Alexander and his wife went to Michigan

about such conveyance and he told them, in substance, that it was all right to make the conveyance, that it would not in any manner affect their rights, so that he had knowledge of these transactions, which knowledge, in law, is imputed to the company, and the company continued to carry the policies in force after such conveyance had to its knowledge been made. While the decisions of the court have not been uniform throughout the country with respect to the notice or knowledge to the agent, in this State the decisions are uniform that notice to the agent at the time of the application for insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent. *Phœnix Ins. Co. v. Hart,* 149 Ill. 513. Where a local agent gives consent to the conveyance of property upon which a policy of insurance has been issued, the company is estopped from denying that they assented to the sale of such property. *Illinois Fire Ins. Co. v. Stanton,* 57 Ill. 354. It is not expressly denied by counsel for appellee that knowledge of the agent would be binding upon the company, but he insists that it appears from the evidence that Dare was a joint owner of the bank that was carrying the mortgage upon this property and that his interest was opposed to the interest of appellee, or conflicting with it, and for that reason notice to him as agent would not be binding upon the company. We are unable to see how the fact that Dare had an interest in the bank could in any manner be construed as a circumstance making his interest antagonistic to those of the Insurance Company in this case. The rule as laid down by the Supreme Court is, that before this exception will prevail it must appear that the facts were such as would authorize the inference that the agent would conceal the information from the principal. That court has said: ''To the general rule that notice to the agent is notice to the principal there is a well-

defined exception, that notice will not be imputed to the principal where the facts authorize the inference that the agent will conceal the information.   That is the presumption where it would be detrimental to the agent's interests to disclose the facts."   *Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.*, 223 Ill. 53, and authorities there cited.   We do not believe that Dare's interests were such as to conflict with the duties that he owed to the company.   There is, in our judgment, another reason why this transfer would not affect the rights of the parties interested in the insurance.   As above stated, Mrs. Storment and Mrs. Alexander were engaged in the partnership business of selling goods, etc., and owned the building and stock of goods in copartnership, and, as we understand the rule, where one partner sells out his interest in the property to another such sale will not vitiate the policy, even though there was a condition that the policy should become void if the property be sold or conveyed.   In passing upon this question the Supreme Court has said: "It is held in numerous cases that where an insurance policy is issued to a partnership, a transfer by one partner to the others of all his interest in the partnership property will not vitiate the insurance, notwithstanding a condition that the policy should become void if the property should be sold or conveyed, or the interest of the parties therein changed."   *Allemania Fire Ins. Co. v. Peck*, 133 Ill. 231, and authorities there cited.

It is contended by counsel for appellee, and was so held by the trial court in its propositions of law, that if the appellants failed to keep an iron safe and keep therein their books of account and inventory, as required by the terms of the policy, that then the whole policy became void.   We think this view of the law is incorrect.   It could not have been in the mind of either of the contracting parties at the time the policy was issued that the failure to keep proper books of ac-

count or to keep an inventory in an iron safe in the store would in any manner affect the question as to the policy upon the building. That was an entirely different subject-matter, and even though it be conceded that the failure to keep the books of account and inventory in an iron safe was a violation of the terms of the policy as to the stock of merchandise, we do not think it could in any manner affect the insurance upon the buildings, and the holding of the propositions of law by the court to the effect that such would vitiate the whole of the policy was erroneous. In referring to questions affecting the violation of the clause with reference to a fireproof safe and keeping of the inventory and books of account therein, it is said: "A violation of this clause affects stocks of goods only; it does not affect the insurance on other items, as building, furniture or fixtures, etc." Clement on Fire Insurance, page 273, and authorities there cited. Claim by appellants is made that a failure to keep the books of account and inventory in an iron safe as required by the terms of the policy was waived by the conduct of the agent of the company, and they also claim that there was evidence tending to show such waiver; while upon the other hand, the appellee insists that there was nothing in the conduct of the agent of the company that in any manner tended to waive its rights under this clause of the policy. Inasmuch as this case will have to be retried, we are not disposed to give any opinion as to its sufficiency or insufficiency. The question of waiver is a question of fact to be determined by the jury under the proper instructions or holdings of the court, and when this question is submitted at another trial, proper instructions or holdings may be obtained and the jury or court will determine the facts as to waiver of appellee's rights under this policy.

For the reasons above indicated, the judgment of the lower court is reversed and cause remanded.

*Reversed and remanded.*