Jersey Kingsbury, Appellant, v. Eugene Applegate et al., Appellees.

Term No. 48M13.

Opinion filed September 29, 1948. Released for publication October 28, 1948.

SUMNER & LEWIS, of Lawrenceville, for appellant.

R. M. SHAW, of Lawrenceville, for certain appellee.

HUFFMAN & GOSNELL, of Lawrenceville, for certain other appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Lawrence county dismissing the complaint of appellant, Jersey Kingsbury (hereinafter called plaintiff), which was in the nature of a bill of review as against the defendants, Eugene Applegate, Fred Applegate, and Elizabeth Spain (Fred Applegate and Elizabeth Spain being the appellees in this cause).

The facts upon which the present appeal is predicated are not in dispute. On October 13, 1947, plaintiff, Jersey Kingsbury, filed a complaint against the defendants for a bill of review to reverse a decree in partition entered by the same court on July 15, 1947, on what was contended was an erroneous application of the law to the facts as set forth in the complaint for partition. The action in partition was filed on February 28, 1947, at 8:45 a.m. by Eugene Applegate, Fred Applegate and Jersey Kingsbury, as against Elizabeth Spain, as defendant. It was alleged in that complaint for partition that on the very date on which the complaint was filed, Laura A. Applegate, the mother of the plaintiffs, and grandmother of the defendant, Elizabeth Spain, had died, seized in fee simple of certain tracts of real estate; that she died intestate, and the heirship was set forth in such complaint. The complaint then set out the respective rights and interests of the plaintiffs and defendant, and alleged the manner in which the said Laura A. Applegate became entitled to the interests set forth. On March 19, 1947, the defendant, Elizabeth Spain filed an answer to the complaint and her counterclaim for partition, in which she admitted that the said Laura A. Applegate died seized of the interests in the certain real estate referred to in the manner alleged in the complaint, and in her counterclaim defendant alleged that she and the plaintiffs were the owners in fee simple of the real estate described, and defendant, in her counterclaim, sought to correct certain errors appearing in the description. The defendant, however, in such answer and counterclaim alleged that the respective interests of the parties were as stated by plaintiffs in their complaint. The answer and counterclaim were verified.

On April 17, 1947, a hearing was had before the presiding judge of the court, and testimony was offered by the plaintiff in this action. No oral testimony was offered by defendant, Elizabeth Spain, and she did not

contest the proceeding in any way, but agreed to the entry of a decree in partition as prayed in the pleadings. The court on the same day, entered a decree in partition, finding that the allegations set forth in the plaintiffs' complaint were true, and that a decree in partition should be entered as prayed in the plaintiffs' complaint, and the defendant's counterclaim. The decree further found that the said Laura A. Applegate died seized of the premises described in the complaint and counterclaim, and that the interests of the parties were as alleged in such pleadings. Commissioners were appointed to partition the premises. The decree was approved by an "O.K." by attorneys for the plaintiffs and defendant, and was filed with the clerk of the court on July 15, 1947. The proceedings in partition had proceeded through the report of commissioners, finding the premises indivisible, the decree for sale, and the sale of the premises by the master in chancery, the distribution of the proceeds of the sale, and the master's report of distribution, before there was action taken by plaintiff, Jersey Kingsbury. On October 13, 1947, after the period of time during which the decree for partition could be opened up for modification, and after time for appeal had expired, the plaintiff Jersey Kingsbury, filed her complaint for a review of such decree. In the complaint for review it was specifically set forth that the error in the partition suit complained of was in decreeing that the said Laura A. Applegate owned an undivided one-third in fee simple of the lands which her husband, Alfred R. Applegate owned during their marriage. It is correctly contended that since the said Alfred R. Applegate did not own the property at the time of his death, but had conveyed the property to the plaintiff, Jersey Kingsbury, without the joinder in the conveyance by the said widow, Laura A. Applegate, that the said Laura A. Applegate retained only a dower interest in such land, which terminated at the death of Laura A. Applegate. There is no dispute as

to the facts and that if the said Jersey Kingsbury had set forth that she had acquired the property under consideration, subject only to the inchoate right of dower of Laura A. Applegate, a finding consistent therewith that Laura A. Applegate did not die seized of any interest in such tracts would have been proper.

It is now contended by the plaintiff, Jersey Kingsbury, that the court below erred in sustaining the motion to dismiss such complaint and should have found that the decree for partition was erroneous and ought to be reviewed and corrected in accordance with such complaint for bill of review.

It was contended in support of the motion to dismiss the complaint that the only error in the proceedings which occurred, was an error of law occasioned by mistake of counsel for plaintiff, and that such mistake of law is not ground for a bill of review in absence of fraud or misconduct on the part of the adverse party; that the decree sought to be reviewed was a consent decree which could not be reviewed in a complaint for review, unless such decree was obtained by fraud or mistake not occasioned by the neglect of the party complaining; that the error complained of was occasioned by the neglect of plaintiff, which bars plaintiff from maintaining a bill of review to correct any such error, and that no collateral attack could be had upon the decree in partition in any event.

In the case of *Sims v. Powell*, 390 Ill. 610, at page 618, the Supreme Court of this State, in giving consideration to the question of responsibility for entry of decrees under a situation similar to that which is now before the court stated, "Plaintiff, so far as the record discloses, was competent to make a contractual agreement with the mother, brother and sisters of his deceased wife, resolving the ownership of both the real and personal property claimed by the respective parties. The order . . . merely recorded their agreement . . . . Plaintiff enjoyed the right to consent, if he so elected, to the order in the

form in which it was entered, and when entered, it became immune to subsequent challenge by him. The error, if any, in entering the order was the error of the parties and not of the court.''

██ ██ Without passing on the question as to whether the use of the words, ''O.K.'' made the decree a consent decree, it is obvious that in the partition suit under consideration in the instant case, all of the parties prayed a certain relief, and that the action of the court in granting such prayer was not as much a judicial act in determination of what particular relief should be granted, but was fundamentally the recording of the agreement of the parties. There was no contest as to this matter before the court. The mistake as to the interest which was vested in Laura A. Applegate was one which was first set forth by the complaining party in the original complaint filed in this cause. The parties were granted exactly the relief prayed for by them in their pleadings. There was no duty, so far as the court was concerned, to grant a different relief than prayed, and the court could not be censured for entering an order which was apparently pursuant to an agreement of the parties, as set forth in their pleadings. The mere fact that parties may be mistaken as to their rights and accept lesser interests than that to which they may be entitled, does not authorize the setting aside of a decree entered in accordance with the pleadings (*Flagler v. Crow,* 40 Ill. 414; *Watts v. Rice,* 192 Ill. 123, 126; *McDonald v. Shimeall,* 282 Ill. 42, 43). There is no showing in the proceeding before us that there was any fraud or mistake not occasioned by the neglect of the plaintiff in this cause.

We believe, therefore, that the circuit court of Lawrence county was justified in sustaining the motion to dismiss the complaint for review of the decree in partition. The order of the circuit court of Lawrence county will, therefore be affirmed.

*Affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.