(No. 25460.—
THE J. B. INDERRIEDEN COMPANY *et al.* Appellants, *vs.*
JOSEPH L. GILL, County Collector, Appellee.

*Opinion filed February 21, 1940.*

H. S. MARSHALL, and BENJAMIN F. J. ODELL, for
appellants.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-
BERG, MARSHALL V. KEARNEY, and BRENDAN Q. O'BRIEN,
of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county striking a petition for leave to file a bill in the nature of a bill of review and the appeal is brought directly to this court because the revenue is involved.

The decree sought to be reviewed was one entered by the circuit court of Cook county and affirmed by this court on appeal. (*Inderrieden Co.* v. *Lindheimer,* 370 Ill. 316.) In the previous case the facts are fully set forth in the reports of this court and need be referred to again but briefly. That suit was one whereby it was sought to restrain the county treasurer from the collection of certain capital stock taxes, and it was therein contended that the assessor arbitrarily and without reason followed certain rules for making assessments and arriving at a figure without basis in fact, or the application of the assessor's judgment as to values. In that case it was pointed out that there was no testimony of any witness to show that the assessments were made arbitrarily or without the exercise of judgment, nor was there any evidence to show that the method was lacking in uniformity or that the valuation determined by the assessor exceeded the actual value of the intangible property of the corporation. It was held in that case that for these failures of proof the circuit court properly dismissed the complaint.

In the petition for leave to file the present bill in the nature of a bill of review it is alleged that since the denial of their petition for rehearing in this court the petitioners discovered the names and addresses of the deputy assessors who made the previous assessments and procured affidavits from them (which are attached to the petition) to show that the deputy assessor who had testified in the previous case was mistaken as to the manner and method by which the assessment had been made; that that assessment had actually been made arbitrarily in accordance with a certain

formula and that at the time of the previous trial the deputy assessor who was directed to make the original calculation of the assessment was not in the employ of the assessor and that his name and whereabouts could not be ascertained upon diligent inquiry. It is their contention that this so-called newly discovered evidence amounts to a sufficient ground for a review of the previous decree.

It is a general policy of the law that litigation once determined shall be considered ended, and bills of review are not permitted to be filed for trivial reasons nor otherwise than upon a clear and substantial showing. If leave is sought to file such a bill for newly discovered evidence, that evidence must be of an important and decisive character and be such as would apparently have produced a different result had it been known and brought before the court. (*Elzas* v. *Elzas,* 183 Ill. 132.) The court must be satisfied that the alleged new matter was not known to the petitioner and could not have been discovered, produced or used by him with the exercise of reasonable diligence upon the former trial. On presentation of the petition the court looks at the entire record and exercises a sound judicial discretion as to whether or not the bill may be filed, and if this discretion has not been abused the decision will not be disturbed. (*Schaefer* v. *Wunderle,* 154 Ill. 577.) In *Corbly* v. *Corbly,* 304 Ill. 323, this court said: "The bill of review for newly discovered evidence is not favored by the courts. Its allowance is not a matter of right in the party but rests in the sound discretion of the court to be exercised cautiously and sparingly, and only under circumstances that demonstrate it to be indispensable to the merits of justice of the cause." This court held to the same effect in *Harrigan* v. *County of Peoria,* 262 Ill. 36.

The case before us is in some respects similar to the old case of *McDaniel* v. *James,* 23 Ill. 356. In that case a defendant answered a bill, but when exceptions were sustained to his answer he abandoned the cause and a decree

*pro confesso* was entered. At a succeeding term, he asked leave to file a bill of review and alleged that at the time of entering of the decree he was unable to call witnesses by whom to prove the facts, but that since then he had discovered witnesses. The application was denied and the appeal taken to this court. In affirming the decree this court said: "The defendant knew of every fact which he now proposes to interpose as a defense, at the time he abandoned his case and virtually confessed the truth of the bill, and there is no pretense that he made the least effort to find his witnesses. If he had a defense and did not make it, it was his own fault and he must abide by the result." In the case we are considering the present petitioners chose their own basis for relief in the previous suit, made their own allegations and presumably were prepared to prove them. They went through the trial, made such proof as they could and upon being defeated brought the case to this court for review. In that case there was no intimation of any lack of proof on their part or any suggestion that they were unable to find such witnesses as they were then relying on. In fact, they then contended that their proof was sufficient, not only in the trial court but in this court, both in their original briefs and on their petition for rehearing. All their present contention amounts to is a claim on their part that if they could try the case over again they could produce other or different or better evidence than they did produce on the previous trial. Furthermore, on their present showing, they could not obviate more than one of the different reasons for which the decree in the previous case went against them. The theory here contended for would never permit the end of any litigation and the chancellor did not err in striking the petition for leave to file the bill of review.

The order of the circuit court is affirmed.

*Order affirmed.*