(No. 30497.—

MATTIE L. TAYLOR, Appellant, *vs.* RUFUS C. WRIGHT *et al.,* Appellees.

*Opinion filed May 20, 1948.*

Thaddeus B. Rowe, (George N. Leighton, of counsel,) both of Chicago, for appellant.

James B. Cashin, of Chicago, for appellees.

Per Curiam: This is an appeal from an order of the superior court of Cook County, sustaining defendants' motion to strike plaintiff's amended complaint and dismissing plaintiff's suit for want of equity. The plaintiff filed her complaint, in the nature of a bill of review, to vacate and set aside a partition decree entered in a suit wherein the defendant Rufus C. Wright was the plaintiff and Mattie L. Taylor and others were defendants. The original complaint filed April 7, 1947, alleged errors and irregularities on the face of the record, and alleged fraud on the part of Rufus C. Wright in obtaining the entry of the decree for partition on December 9, 1946.

The defendant Rufus C. Wright filed a motion to strike the original complaint, which was granted, and the plaintiff was given leave to file an amended complaint which was filed on June 18, 1947. This complaint alleged in detail the irregularities and errors allegedly appearing on the face of the record in the original partition proceedings, and alleged fraud by the defendant Rufus C. Wright. The amended complaint also alleged an oral agreement between Rufus C. Wright and Mattle L. Taylor not to partition the premises. This amended complaint contained allegations alleging that the trial court in the partition proceeding did not properly determine the interests of the parties. It also alleged that the decree of the trial court was not complied with by the master insofar as the directions for the publication of notice of the sale were concerned. It alleged that the decree for sale ordered publication be made by the master for "At least three weeks prior to said sale," but that the master did not comply with this direction of the court in that he made his first pub-

lication on January 17, 1947, and the last publication on February 7, 1947, which was the same day on which the sale was consummated and that, therefore, the publication was improper because the third week of the publication would not have ended until the end of the day on which the sale occurred. The amended complaint also alleged that certain tenants in possession of the premises were not made parties defendant in the partition proceedings and it was alleged that Mattie L. Taylor was never defaulted in the original partition suit for want of answer, and that the decree for partition was improperly entered without a rule on her to plead and with an order of default against her.

In addition to these errors which were alleged by the complaint, the plaintiff alleged that Rufus C. Wright made representations to her with reference to said partition suit which constituted fraud, and by relying upon said representations she did not interpose any defense in the partition suit. The plaintiff also alleged that she was devised her interest in these premises by her uncle, and after the death of her uncle she entered into possession of the premises as a tenant in common with the defendant Rufus C. Wright, she occupying the first floor of the building and Wright occupying the second floor, and the two of them together renting out the unused portion of the premises, sharing the profits and losses with respect to the rent collected from the rented portion of the premises, and that they agreed verbally, each to the other, that they desired to reside in the premises in question during their joint lives, that neither of them would sell or dispose of his interest in the same and that they intended to occupy the same as a home. The plaintiff also alleged that she and the defendant were good friends during the lifetime of her uncle and at the time of filing the partition suit each exercised confidence and trust in the other in the operation, management and control of the premises and that shortly after the beginning of the partition suit the de-

fendant Rufus C. Wright expressed his sorrow to the plaintiff for the commencement of the suit and stated to her that his relatives were responsible for his actions, but he knew the same were wrong and that he would take no further steps in the prosecution of the said suit, and they agreed that neither should terminate the use of the building by the other nor proceed in the prosecution or defense of the said suit and that the estate should be held and enjoyed in common by them; and that the defendant Rufus C. Wright agreed to inform his attorney of the agreement of the parties and the parties agreed to manage said premises together, to share equally in the rents and the expenses of the same, and that the defendant agreed to dismiss his suit on file. It was further alleged that shortly thereafter said defendant discussed the suit with the plaintiff and informed her that the same had been dismissed and that her presence would never be required, and that the agreements made by him with her both before and after the suit had been instituted were to be carried out to the letter; that never thereafter was there any discussion between the parties with reference to said suit and that plaintiff never received any notices, motions or other communications that said suit was proceeding and did not receive any communications from her own attorney or from the master in chancery until March 19, 1947, when she was informed of the sale of said premises and was tendered a check for her share of the proceeds of said sale, all of which was alleged to be fraudulent as to the plaintiff.

The plaintiff's amended complaint also alleged that the premises were sold for less than their actual fair cash value unto the said Rufus C. Wright, and she alleged that in the event of the resale of the premises she would guarantee that the property would bring much more than the sum of $6000, which is the price Rufus C. Wright paid for the same, and alleged that she was able and ready to bid $7200 for the premises, and she further alleged the

names of two other individuals in the city of Chicago who were ready to bid sums ranging from $7300 to $8000 for the premises, and she tendered a bond with a surety in the sum of $1000 as indemnity against any losses which might occur as a result of the resale of the premises.

The defendant filed a motion to strike the amended complaint on the following grounds:

1. That the complaint was insufficient in law and did not set forth a cause of action;

2. That it did not appear that the plaintiff had complied with the decree entered in the original partition proceedings in that the plaintiff had not delivered possession of the premises to the purchaser at the sale;

3. That the court had jurisdiction of the parties in the partition suit and that no error was alleged that challenged the decree entered in the partition suit;

4. That the complaint did not allege facts showing fraud by the defendant nor did it allege that any fraud prevented the plaintiff from making a defense in the partition proceedings;

5. That the plaintiff was always represented by counsel in the partition proceedings;

6. And that it did not appear that the plaintiff had any defense to the partition suit.

On September 17, 1947, the court sustained this motion to strike and dismissed the amended complaint and the cause. This appeal followed. A freehold is involved and, therefore, this court has jurisdiction.

It appears that the plaintiff has been diligent in filing her complaint within a short time after the decree for partition was entered and within the time allowed for appeal. It appears that the amended complaint questions the validity of the partition proceedings and alleged conduct on the part of the defendant which, if proved, would excuse her from any neglect by her or her counsel in defending the partition suit. We believe that the allegations of fraud

practiced by the defendant and the allegations as to the agreement not to partition were sufficient to require the defendant to answer said allegations and to permit the plaintiff to introduce her evidence in support of the same.

Bills of review fall into three general classes which are: Bills to review errors appearing on the face of the record, bills based upon newly discovered evidence, and bills based upon fraud impeaching the original decree. (*Harrigan* v. *County of Peoria,* 262 Ill. 36.) A bill of review cannot be made to function as an appeal or writ of error. (*Regner* v. *Hoover,* 318 Ill. 169.) Errors which present questions of procedure and not jurisdiction and which do not reach the matter of the right of the court to hear and decide the complaint go only to the question of the correctness of the court's decision and are not proper in a bill of review.

The allegations with reference to the fraud allegedly practiced upon the plaintiff by Rufus C. Wright, if properly stated, would warrant the court in requiring the defendant to answer said allegations. A careful review of these allegations of the complaint indicates that such allegations do not set forth mere conclusions of the pleader. The allegations recite a course of conduct on behalf of the defendant Rufus C. Wright which, if proved, would indicate that the plaintiff was prejudiced by his misrepresentations. It has been held by this court that a party alleging fraud in a bill of. review must state in his pleadings the facts relied upon to show fraud and that mere conclusions of the pleader without averments of facts will not support an allegation of fraud. (*Harrigan* v. *County of Peoria,* 262 Ill. 36.) We believe that the allegations of fraud in this complaint were sufficiently definite to require answer and were properly set forth in the amended complaint.

It is to be noted that in this case the plaintiff has offered to do equity and has tendered a bond to indemnify the defendant against loss in the event of a resale of the

premises. We believe that the close relationship of the parties followed by the allegations concerning a verbal agreement being entered into between them not to partition the premises, the allegations of fraud, coupled with the plaintiff's promptness in filing the complaint in this cause and her willingness to do equity, justify the reversal of the order of the superior court, and the cause is remanded to said court with directions to overrule the motion to strike as to those portions of the complaint alleging fraudulent conduct on the part of the defendant Rufus C. Wright in procuring the decree for partition and the sale of the premises and the breach of the verbal agreement between the parties with reference to their use, occupancy and ownership, and to require answer to said complaint forthwith.

*Reversed and remanded, with directions.*