Mary L. Davis et al., Plaintiffs-Appellants, v. Daisy Cohen, Defendant-Appellee.
Daisy Cohen, Counterplaintiff-Appellee, v. Mary L. Davis et al., Counterdefendants-Appellants.

Gen. No. 46,578.

First District, Second Division.

April 6, 1955.

Released for publication May 23, 1955.

George B. Craven, attorney for Mary. L. Davis et al., counterdefendants-appellants.

Harry H. Porter, John O. Birkland, both of Evanston, and Cassius A. Scranton, of Chicago, for counter-plaintiff-appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree of the superior court which vacated a decree of partition previously entered and dismissed the suit for partition. The issue pre-

sented to us is whether the chancellor could enter such an order upon a counterclaim to review filed more than 30 days after the entry of the decree, setting forth that a will discovered after the decree of partition devised the real estate in question to Daisy Cohen.

Annie Bell Jones, or Annie Bell Anderson, died June 30, 1949. She left her surviving three sisters, Mary L. Davis, Nettie Blaino and Daisy Cohen, and two nephews, Norman Webster and Leon Webster, sons of a deceased sister. Daisy Cohen was appointed administratrix of her estate. On November 7, 1951, Mary L. Davis filed a complaint for partition, making Daisy Cohen and the other heirs at law above-mentioned defendants thereto, and seeking to partition certain real estate improved with a two-story brick building containing three apartments. There being no objection, a decree ordering partition was duly entered on August 22, 1952.

On October 10, 1952, the will was discovered. It was offered for probate and the court in which the partition decree was rendered was advised of the discovery of the will. Motions for the entry of a decree of sale in the partition suit were postponed until a hearing could be had on the probate of the will. The will was admitted to probate without opposition on January 19, 1953. On January 29, 1953, the superior court entered an order allowing Daisy Cohen to file a counterclaim setting forth the facts with respect to the will, asserting her sole ownership of the property, and praying that the order of partition be reviewed and reversed. The issue was joined on an amended counterclaim and answer. Thereafter the court heard evidence consisting of the will, letters of administration, letters testamentary, and the oral testimony of Daisy Cohen. There is virtually no dispute over the facts although there is a difference with respect to the inferences to be drawn therefrom.

Daisy Cohen testified that after the death of her sister, she gathered her sister's papers together and brought them to her sister's lawyer. She knew her sister had made a will in July 1935 (as did her sisters) but did not know whether it had been revoked or destroyed and did not see it among the papers. She saw no envelope marked to indicate that it contained a will. Daisy Cohen is 57 years old. She has had a grade school education and one year in high school. She reads and writes English, but has had no business experience of any kind. She does housework, has worked in a laundry, and served at parties. She occupied an apartment in the building in question for nine years. The decedent had lived in another apartment in the same building for five years at the time of her death. The attorney for the estate who preceded her present attorney did not tell Daisy Cohen there was a will among the papers delivered to him. The first time she saw the will after its making in 1935 was when one of her present attorneys showed it to her. Promptly after the discovery of the will by the present attorney, proceedings were taken as heretofore outlined. There are no innocent third parties involved. Daisy Cohen in her amended counterclaim and her attorneys in open court after conclusion of the hearing, offered to reimburse counterdefendants for all expenses incurred in the partition suit including their attorneys' fees, which offer was refused.

The granting of a bill of review is discretionary. (Elzas v. Elzas, 183 Ill. 132; Glade v. Allied Elec. Products, Inc., 135 F.2d 590 (C. C. A. 7th, 1943).) There are three types of situations to which such discretion is limited:

1. Where the decree sought to be reviewed is erroneous in law on its face;

2. Where new matter has arisen since the entry of the decree;

520

3. Where the decree was procured by fraud.

Taylor v. Wright, 400 Ill. 179; Bushnell v. Cooper, 289 Ill. 260; Wood v. First Nat. Bank of Woodlawn, 383 Ill. 515; Waterman v. Hall, 298 Ill. 75; Harrigan v. County of Peoria, 262 Ill. 36. The court in Bushnell v. Cooper, supra, stated that the function of bills of review was "to prevent a miscarriage of justice, and they will be allowed only in furtherance of that object."

 Seldom do we find a situation which more properly suits the function of a bill of review. The will gave the property to Daisy Cohen, but that fact being unknown to the chancellor or to the parties to the partition suit, the chancellor erroneously found that the heirs at law were entitled to the property. The discovery of the will was new matter arising after the decree and it was proper for the chancellor to entertain a bill of review and to correct the error.

 From the facts we have related, counterdefendants draw the conclusion that Daisy Cohen knew at the time she gathered her sister's papers that there was an unrevoked will in *existence*. They argue that she did not report that fact to the court and thus failed to show reasonable diligence. We think a much more reasonable inference is to be drawn from her testimony. While she knew the will had been made in 1935, 14 years before her sister's death, she assumed, as her sisters did, that the decedent had revoked or destroyed it. She gathered up all her sister's papers and, with the apprehensions many people have about the effects of a deceased person, did not paw or pry through them but delivered them to the then attorney for the estate. Not until her present lawyer advised her that a will had been found among the papers in the former attorney's office did she know that the will made in 1935 was still in effect. There would be no equity in taking her property away from her because she failed to show a greedy curiosity about the papers left by her sister.

Counsel for appellants has cited Oliver v. Oliver, 313 Ill. 612, in support of his position. That case holds only that a will should not be denied probate because a decree had previously been entered partitioning the property on the assumption of intestacy. It does not decide what should have been done about the error of fact on which the partition decree was rendered. That question was not before the court and could not arise until after the will had been probated and a contest, if any, with respect thereto had been determined. It never came before the court because in Oliver v. Oliver, 340 Ill. 445, it appears that the will on contest was held invalid. In the instant case, unlike the Oliver case, the time for contest of the validity of the will has passed.

Decree affirmed.

McCORMICK, P. J. and ROBSON, J., concur.