(No. 35973.—

Juel N. Van Dam, Appellant, *vs.* Raymond C. Van Dam, Appellee.

*Opinion filed January 20, 1961.*

Meyer Weinberg, of Chicago, for appellant.

RINELLA AND RINELLA, of Chicago, (SAMUEL A. RI-NELLA, and EDWARD J. FLEMING, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This cause reaches this court as the result of the allowance of the petition of Juel N. Van Dam (hereafter called the plaintiff) for leave to appeal from the judgment entered by the Appellate Court for the First District, reversing an order of the city court of Blue Island, refusing to vacate a divorce decree which it had entered in her favor.

The action originated on August 9, 1958, when plaintiff commenced her suit for divorce against Raymond C. Van Dam (hereafter called the defendant) by filing a *praecipe* for summons with the clerk of the city court. Summons issued and on the day following was served on the defendant.

On August 15, 1958, plaintiff filed her verified motion for a waiver of the 60-day "cooling-off" period provided by statute (Ill. Rev. Stat. 1957, chap. 40, pars. 7b, 7c) on the ground that under "the Family Expense Statute, plaintiff may be liable for debts incurred by the defendant * * * and plaintiff fears he is creating liabilities that may cause her irreparable injury, and that it is necessary that plaintiff establish as quickly as possible her lack of liability for any debts created by the said defendant." The motion also sought an injunction restraining the defendant from purchasing on credit or opening charge accounts. On the same day that plaintiff's motion was filed, the court entered an order waiving compliance with the statutory 60-day period and granting leave to plaintiff to file instanter her complaint for divorce. At the same time a further order was entered granting the injunction sought without bond. Also, on the same day (1) plaintiff filed her complaint for divorce, (2) defendant's written entry of appearance was filed, and (3) a stipulation was filed, signed by plaintiff, by her attorney, and by defendant *pro se,* in which it was agreed that plaintiff should have the household

furnishings in their apartment and that "this cause come on for hearing as in cases of default." It was further agreed that defendant should pay plaintiff the sum of $5000 in cash upon the entry of the decree in lieu of alimony.

The cause then proceeded to trial, and later, on August 23, 1958, a decree was entered awarding plaintiff a divorce on the ground of adultery, giving plaintiff household furnishings, and decreeing that the defendant pay $5000 in lieu of alimony. Thereafter, following the expiration of 30 days and well within the two years limited by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 72), defendant filed in the city court his petition to vacate that decree.

Defendant's petition to vacate, as amended, relied on various grounds. It alleged that the decree of the trial court waiving the 60-day "cooling-off" period was entered in violation of the terms of the statute; that a copy of the complaint as well as certain notices were not served on defendant, in accordance with the terms of the statute; and that no bond was required in connection with the issuance of the injunction. It was further alleged that defendant's signing of the appearance and stipulation was the result of a confederation and conspiracy on the part of plaintiff and her parents; that the obtaining of defendant's signature thereto constituted and comprised the culmination of a long, assiduous and unwearied campaign by the plaintiff and her said parents to bring to an end the marriage of the parties, and to cheat, bilk and defraud the defendant of his right, title and interest in and to certain items of real and personal property; that plaintiff and her parents compelled, forced, and extorted the signature of defendant to the appearance and stipulation, which were prepared by the plaintiff or her attorney, by threatening to involve him in ruin, disgrace, contumely, and shame, as a result whereof the will and resistance of defendant were overborne, conquered, and broken; and that plaintiff effectually concealed

from him at all times prior to the entry of a decree the status and progress of the case. It was also charged that plaintiff's complaint for divorce failed to state the name or names of the persons with whom defendant was alleged to have committed adultery and was deficient in other particulars; that the testimony upon which the decree of divorce was based was perjured; and that the parties had lived together as husband and wife after the filing of the complaint and prior to entry of the decree.

Plaintiff moved to dismiss the amended petition. The motion was sustained and defendant's petition to vacate was denied by the trial court. The Appellate Court reversed and remanded the cause. (25 Ill. App. 2d 72.) The principal question presented by this appeal is whether an erroneous waiver of the 60-day waiting period is the type of error that may be reached by a post-judgment petition under section 72 of the Civil Practice Act. This section provides in substance that writs of error *coram nobis* and *coram vobis,* writs of *audita querela,* and bills of review are abolished, and that all relief previously obtainable and the grounds for relief previously available, either at law or in equity, whether by any of the foregoing remedies or otherwise, continues to be available in every case, by proceedings under this section, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered.

At the outset, therefore, the question arises whether the relief sought by defendant's petition in this cause would have been obtainable under a former bill of review, or bill in the nature of a bill of review. Those bills were, for practical purposes, divided into three general classes: (1) bills for error apparent on the face of the record, (2) bills to review a decree on account of new matter or newly discovered evidence, and (3) bills to impeach a decree for fraud. (*Taylor* v. *Wright,* 400 Ill. 179.) A bill in the nature of a bill of review was also an appropriate remedy to attack

a decree on the ground that it was void for want of jurisdiction. *Elieff* v. *Lincoln National Life Ins. Co.* 369 Ill. 408.

It is clear that here the trial court had jurisdiction of both the subject matter and the parties. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceeding in question belongs. (*Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588; *Smith* v. *Herdlicka*, 323 Ill. 585.) The trial court had power to hear and determine cases of the general class to which the suit in question belongs, *viz.*, actions for divorce. The defendant was admittedly served with process and jurisdiction over his person was thus acquired. Defendant's charges that various errors or irregularities arose in carrying out the provisions of sections 7a, 7b, or 7c of the statute relating to divorce (Ill. Rev. Stat. 1957, chap. 40, pars. 7a, 7b, 7c) state no sufficient reasons for nullifying the proceeding on jurisdictional grounds. The irregularities charged did not impair the trial court's jurisdiction over the subject matter, or the parties, or the particular case.

In *People ex rel. Doty* v. *Connell*, 9 Ill.2d, 390, we held that the waiting provision of the 1955 amendment to the Divorce Act was valid and stated at p. 393, "In an obvious effort to cure these defects, the legislature omitted from the present act all mention of reconciliation conferences and provided for immediate commencement of the suit by the filing of a *praecipe* for summons, with the consequent prompt obtaining of jurisdiction of the subject matter and the parties." At p. 394, "Therefore, the statute in question does not fall under the constitutional inhibition elaborated in the *Christiansen case.* However, it does retain a form of 'cooling off period'; and while post-jurisdictional delays of this type were approved inferentially in the *Christiansen case,* the question warrants further consideration and discussion." At p. 396, "So judged, we cannot say that a post-jurisdictional delay of 60 days is unreasonable."

The further question arises whether any other grounds

are alleged which would have afforded a basis for relief under a bill of review, or bill in the nature of a bill of review.

The defendant contends that the plaintiff failed to make a proper case for waiver of the 60-day "cooling-off" period under above-mentioned sections 7b and 7c of the statute relating to divorce and that this constitutes an error apparent on the face of the record, one of the grounds for relief under a former bill of review. It is urged that the averment upon which the trial court waived the 60-day period was plaintiff's assertion that she might become liable under the Family Expense Act because she feared that defendant was creating liabilities which might irreparably injure her; that such an averment was wholly insufficient as a basis for exercise of the court's discretion to waive the 60-day period.

Here defendant's contention that a proper case was not made for waiver of the 60-day "cooling-off" period amounts, at most, to a charge of mistaken judgment on the part of the trial court. The statute authorized the court to do the very thing it did; namely, to waive the "cooling-off" period in certain situations. Whether it should have done so or not in this particular instance involves a matter of judicial discretion which would not have been reviewable by bill of review. Hence, it is not reviewable by the substitute petition provided by section 72 of the Civil Practice Act.

The recent case of *Collins* v. *Collins,* 14 Ill.2d 178, is clearly distinguishable. There the trial court had decreed a divorce for two years' habitual drunkenness when it was apparent on the record that the parties had not been married two years. The error was that of granting relief directly in the face of statutory enactment. There was in the *Collins case* no occasion for the exercise of judicial discretion or judgment. It was purely a matter of whether defendant had been an habitual drunkard for two years as specifically required by statute. On that record, showing affirmatively

that the parties had not yet been married two years, the granting of a divorce was not the result of mistaken judgment, but rather was the granting of relief contrary to, and in direct violation of statutory enactment. The principle applied in the *Collins case* must be limited to the special factual situation there involved. The opinion in that case makes it clear that a petition for post-judgment relief under section 72 of the Civil Practice Act is not available as a substitute for an appeal.

The observations previously made apply with equal force to defendant's allegations relative to nonservice upon him of a copy of the complaint and other notices, and the trial court's order for an injunction without bond. These are not errors apparent of the type which could formerly be reached by bill of review. Defendant's allegations relative to the insufficiency of plaintiff's complaint for divorce would likewise have afforded no ground for relief by bill of review. (*Ward* v. *Sampson,* 395 Ill. 353.) The charges of fraud, duress, and concealment set forth in defendant's amended petition are mere conclusions of the pleader.

Defendant's charge that the parties in fact lived together as husband and wife after the filing of the complaint for divorce and up to the entry of the decree would have afforded no grounds for his later attempt to impeach the decree by bill of review. In fact, a bill of review for new matter could not be maintained unless the party seeking to impeach the decree could satisfy the court that the alleged new matter was not known to him and could not have been discovered, produced or used by him with the exercise of reasonable diligence on the trial. (*J. B. Inderrieden Co.* v. *Gill,* 373 Ill. 180; *Kurtzon* v. *Kurtzon,* 395 Ill. 73.) Defendant obviously cannot meet such a requirement.

It is clear, therefore, that defendant's amended petition cannot be sustained on the ground that the relief sought was formerly obtainable under a bill of review, bill in the nature of a bill of review or the other remedies referred to in

section 72 of the Civil Practice Act. In passing we observe that the rules with respect to the finality of judgments apply with full force and effect to decrees of divorce. (*Sherrer* v. *Sherrer*, 334 U.S. 343, 92 L. ed 1429.) As is said in 2 Bishop on Marriage, Divorce and Separation, sec. 1533: "There are excellent reasons why judgments in matrimonial causes, whether of nullity, dissolution, or separation, should be more stable, certainly not less, than in others, and so our courts hold. The matrimonial status of the parties draws with and after it so many collateral rights and interests of third persons, that uncertainty and fluctuation in it would be greatly detrimental to the public."

The city court rightly sustained plaintiff's motion and dismissed defendant's amended petition for post-judgment relief. Accordingly, the judgment of the Appellate Court entered herein is reversed and the order of the city court is affirmed.

*Appellate Court reversed; city court affirmed.*