FRED BIEDESS d/b/a NATIONAL WIRE & IRON WORKS, Plaintiff-Appellee, *v.* WILLIAM C. SILVERMAN, Defendant-Appellant.

(No. 54346;

First District—October 30, 1970.

Moltz & Wexler, of Chicago, (Leon C. Wexler, of counsel,) for appellant.

Charles Kraut, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The plaintiff, Fred Biedess, doing business as the National Wire & Iron Works, filed a complaint in the Circuit Court of Cook County on January 13, 1967, seeking $2,326.63 for extra work, labor and material allegedly ordered and contracted for by the defendant, William C. Silverman, for improvements to premises known as 4651 South Halsted Street in Chicago, Illinois. On June 14, 1967, the defendant filed an Answer and Counter-claim which sought $3,300.00 in damages for incomplete work. In the Counter-claim the defendant, counter-plaintiff, (hereinafter referred to as Silverman) alleged (1) that the plaintiff, counter-defendant, (hereinafter referred to as Biedess) had not performed or completed the work in accordance with the terms of the contract, (2) that as a result he had engaged other contractors to complete the work, and (3) that he had assumed the costs of work and materials installed in the premises by a subcontractor of Biedess.

On January 19, 1968, after notice by certified mail to Biedess, the Court granted leave to withdraw to Biedess's attorneys. On March 22, 1968, after notice by certified mail to Biedess, the Court entered an order defaulting Biedess for failing to file an answer to the Counter-claim and entered an *ex parte* judgment on the Counter-claim in favor of Silverman.

On December 13, 1968, Biedess filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, chap. 110, § 72) seeking to vacate the judgment. An amended petition and supporting affidavit were subsequently filed. On April 2, 1969, the petition to vacate was denied; but on rehearing on May 5, 1969, the petition was allowed and the Complaint and Counter-claim were set for trial.

Silverman then petitioned for rehearing and moved to vacate the order of May 5, 1969, which had vacated the default judgment. This motion was denied on June 20, 1969. Silverman appeals the order of May 5, 1969, which vacated the default judgment, and the order of June 20, 1969, which denied his motion to vacate the order of May 5, 1969.

■■ We initially agree with Silverman that a petition under Section 72 of the Civil Practice Act is not an automatic remedy and that the application of the remedy is balanced against the need for the stability of judgments. The facts alleged in support of a petition to vacate a judgment must show fraud, mistake or fundamental unfairness to justify the vacation of a judgment under Section 72 of the Civil Practice Act. *Esczuk v. Chicago Transit Authority,* 39 Ill.2d 464, 236 N.E.2d 719 (1968).

In his affidavit, in support of the petition to vacate the judgment,

Biedess alleges that he paid his attorneys $100.00 to file the action; that after the filing of the action the parties met in an unsuccessful attempt to settle the matter; that during a routine inquiry to his attorneys about the status of his lawsuit his attorneys informed him that they had withdrawn as his counsel; that he immediately engaged another attorney who advised him that an *ex parte* judgment had been entered against him on the Counterclaim; that the sum of $2,326.63 is actually due and owing to him for labor and services performed for Silverman and that he has a good and meritorious defense to the Counter-claim.

We must first note that both the Complaint and Counter-complaint present claims for relief which are based upon rights given the parties under the contract for repair of Silverman's property. We note also that at the time when the Court entered the *ex parte* judgment against Biedess, (1) his law suit was pending and awaiting trial and (2) he was not represented by counsel. We finally note that Silverman did not serve Biedess with an execution and thereby give him notice of the judgment.

It is our belief that a petition to vacate an *ex parte* judgment entered under those circumstances is particularly addressed to the equitable power of the Court to prevent injustice. *Elfman v. Evanston Bus Company*, 27 Ill.2d 609, 190 N.E.2d 348 (1963). We agree with Biedess that it is impossible in a case like this for both sides to be right. Either Biedess is entitled to judgment on the Complaint because he performed all of the work in a good and workmanlike manner and because Silverman ordered additional work which was also completed in a good and workmanlike manner or Silverman is entitled to judgment on the Counterclaim because the work was not completed in accordance with the terms of the contract. We believe that justice can only be served by a trial on the merits of the whole controversy.

■■ For the foregoing reasons we affirm the order of the Trial Court which pursuant to Section 72 of the Civil Practice Act vacated the *ex parte* judgment entered on the Counter-claim.

Judgment affirmed.

MURPHY and ADESKO, JJ., concur.