JACK E. JORDAN, Plaintiff-Appellee, *v.* MARIA C. JORDAN, Defendant-Appellant.

Fourth District   No. 12769

Opinion filed June 10, 1976.

Arthur M. Lerner, of Lerner & Gadau, of Champaign, for appellant.

James L. Capel, Jr., of Meyer, Capel, Hirschfeld, Muncy, Jahn and Aldeen, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On March 13, 1973, the following occurred: plaintiff-appellee, Jack E. Jordan, filed a complaint for divorce against defendant-appellant, Maria C. Jordan, alleging mental cruelty. Defendant's answer was filed, hearing had, and a decree of divorce awarded to plaintiff. On June 26, 1973, more than 30 days, but less than 2 years, after the entry of the decree defendant filed a verified petition for relief from divorce. The petition was filed pursuant to the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). This petition, and a succeeding one, were dismissed on plaintiff's motion.

On March 22, 1974, defendant, with leave of court, filed a "Second Amended Petition for Relief From Decree." This petition alleged, in essence, that defendant's mental condition at the time of the divorce proceeding was such that she was incapable of comprehending the matter, that she was under heavy sedation during the negotiations prior to the hearing and did not understand the consequences of the property settlement agreed upon. Defendant also charged that subsequent to entry of the decree she discovered that plaintiff was having an adulterous relationship with a woman known as "Holly", and that the trial court lacked jurisdiction to enter the decree since the record failed to disclose that the acts complained of were committed in Champaign County, and that the record only establishes that plaintiff had been a resident of the County of Champaign for over six months. The allegations continue as follows: plaintiff did not meet with her attorney until the morning of the

hearing; her attorney had called her the preceding day and told her what property she was getting, all assets of plaintiff were not disclosed to her prior to the divorce, defendant did not want a divorce, plaintiff applied undue influence on defendant during the period of the divorce. Attached to the petition was the affidavit of defendant's psychiatrist to the effect that defendant was hospitalized, because of her "depressive reaction" mental condition, from January 24, 1973, to January 29, 1973, and that this condition endured through the divorce proceeding. The affidavit stated the psychiatrist's opinion that, with reference to decisions concerning the property settlement:"* * * although Mrs. Jordan was legally competent, her ability to make rational decisions and understand the consequences of these decisions was definitely impaired."

Plaintiff moved to dismiss the petition, a hearing was held on the motion, and on June 11, 1974, the trial judge entered an order dismissing the petition. On June 20, 1974, the judge filed a memorandum opinion which sets forth a detailed analysis of the issues, a resolution of each issue, and citations of precedent relied upon. The filing of such opinions by the trial judge is a practice which we continue to encourage and commend.

■■ ■ Defendant's jurisdictional argument is totally without merit. Section 2 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 3) sets forth the residency requirements for granting a decree of divorce. Paragraph 1 of the complaint alleged that "* * * plaintiff is now and has been for more than one year last past a resident of the County of Champaign and State of Illinois." Paragraph 1 of defendant's answer admitted those allegations. The second portion of defendant's jurisdictional argument is that the record fails to establish mental cruelty. While the weight and sufficiency of the evidence is reviewable on direct appeal we may not examine the evidence in a proceeding brought under the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). *Collins v. Collins,* 14 Ill. 2d 178, 151 N.E.2d 813.

Defendant next argues that the trial court erred in dismissing the second amended petition. Section 72 relief is limited to certain specific errors. In *Van Dam v. Van Dam,* 21 Ill. 2d 212, 215, 171 N.E.2d 594 the court discusses errors cognizable under section 72:

"At the outset, therefore, the question arises whether the relief sought by defendant's petition in this cause would have been obtainable under a former bill of review, or bill in the nature of a bill of review. Those bills were, for practical purposes, divided into three general classes: (1) bills for error apparent on the face of the record, (2) bills to review a decree on account of new matter or newly discovered evidence, and (3) bills to impeach a decree for fraud. *Taylor v. Wright,* 400 Ill. 179. A bill in the nature of a bill of

review was also an appropriate remedy to attack a decree on the ground that it was void for want of jurisdiction. *Elieff v. Lincoln National Life Ins. Co.,* 369 Ill. 408."

We have disposed of defendant's jurisdictional contentions, and there being no error of law established on the face of the record, only defendant's allegations of fraud and newly discovered evidence would fall within the purview of relief obtainable in a section 72 proceeding. In paragraphs 4 and 12 of the second amended petition defendant alleges that, unknown to her at the time of the divorce, plaintiff was having an adulterous relationship with a certain nurse named Holly, and that before the divorce she had specifically asked him if he was seeing another woman, and that plaintiff then denied doing so. These allegations can properly be viewed as constituting newly discovered evidence. That circumstance, however, does not automatically confer a right to relief. "* * * a bill of review for new matter could not be maintained unless the party seeking to impeach the decree could satisfy the court that the alleged new matter was not known to him and could not have been discovered, produced or used by him with the exercise of reasonable diligence on the trial." *Van Dam v. Van Dam,* 21 Ill. 2d 212, 171 N.E.2d 594, 599.

■■ The petition contains no allegation that the "newly discovered" evidence could not have been found and developed prior to the hearing on the complaint and answer. She alleges that he knowingly misled and lied to her about seeing another woman but that "* * * because of her hospitalization and her general condition she was unable to investigate those facts prior to the divorce * * *." These last quoted allegations yield a compelling inference, if not an outright admission, by defendant that she was aware of, or at least highly suspicious of, plaintiff's conduct prior to the hearing. Defendant had been served with summons on February 9, 1973, and her answer was filed more than one month later. She was represented by counsel. There was ample time for an investigation to have been conducted. We also agree with the trial judge's observations that the allegations of adultery are conclusionary, and simply declare that plaintiff was having an adulterous relationship with an individual named Holly, no facts are stated as to her identity, when the relationship transpired or the source of defendant's information.

Defendant also alleges that she was incompetent at the time of the divorce hearing, that she was under psychiatric care, and unable to make intelligent decisions. However, the affidavit of defendant's psychiatrist only states that her decisional capacity was impaired, and that defendant was legally competent. Being legally competent, section 72 relief, on the basis of the foregoing allegations, is not available to defendant. *Goodman v. Goodman,* 125 Ill. App. 2d 190, 260 N.E.2d 257.

██ The terms of this property settlement demonstrates that defendant was ably represented in those matters. As the trial judge noted: "Much was raised in the petition about what Defendant did not get. There is no reference to what she did get. It must first be observed that the parties were married for something over two years. There were no children. Both were and are employed. It is true the court was not privy to discussions of settlement. However, the court can note that the Defendant received a substantial amount of home furnishings, $10,000.00 in cash, sole title to property at 405 East Oregon, Urbana, Illinois, and clear title, free of encumbrance, to a 1971 Ford LTD. Plaintiff retained title to a home in Mahomet, Illinois, title to an Orchard Apartment complex and sole ownership of an MG S-80 automobile. The petition makes some reference to a Florida property, without identifying ownership or time of purchase and by whom. Again, the court cannot assume facts not either in existence or not alleged. Without clearly setting out what is known, this court can find no inequity in the distribution of property. There is no fact in the record or in Defendant's petition which can substantiate a charge of fraud."

We also agree with the trial judge's ruling that the charges of undue influence and duress state only conclusions, not facts. The defendant alleged that plaintiff failed to disclose his ownership of some property in Florida, maintaining that some of her earnings went into the purchase price thereof. No allegation is made as to the date of purchase or the value of the property, only that "full disclosure" was not made.

The trial judge did not err in dismissing defendant's second amended petition.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.