UNION NATIONAL BANK & TRUST COMPANY, Ex'r of the Estate of Bertha Green, Deceased, Plaintiff-Appellant, *v.* EDWARD GREEN, Defendant-Appellee.

Second District   No. 79-23

Opinion filed December 31, 1979.

Robert A. Chapski, of Elgin, for appellant.

Richard D. Shearer, of Shearer, O'Brien, Blood, Agrella & Boose, of St. Charles, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The Union National Bank and Trust Company, as executor of the estate of Bertha Green, deceased, appeals from an order of the Circuit Court of Kane County granting a petition for modification of a decree for divorce which was brought by Edward Green pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72).

In April 1976 Bertha Green had commenced an action for separate maintenance or, in the alternative, for divorce against Edward Green. On October 22, 1976, while that case was pending, she underwent a mastectomy due to cancer and as it was determined she had positive lymph nodes suggesting the possibility of a future recurrence of the cancer, she began a course of treatment by both radiation therapy and chemotherapy. Hearings in the divorce litigation were held between November 1976 and July 1977; both Bertha Green and Edward Green testified regarding her surgery and medical treatment for cancer and the trial court took the cause under advisement for decision. Several days after the conclusion of the hearings on July 21, 1977, Bertha Green experienced back pains and a bone scan taken August 1, 1977, disclosed the presence of cancer in her spine and ribs. There is no evidence that this spread of the cancer was then made known to Edward Green or that he sought after the hearings to keep advised regarding her medical condition.

The decree for divorce was entered October 7, 1977, in which the property of the parties was divided between them with Bertha Green being awarded the marital home. No appeal was taken from that decree.

On February 8, 1978, however, Edward Green brought the present petition seeking relief from the decree under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) in which he acknowledged he had been aware Bertha Green was undergoing treatment for cancer at the time of the trial of this cause but alleged he did not then know that it was a terminal condition. In his supporting affidavit he stated it was not until a conversation he had with her doctor on January 11, 1978, that he learned she was not responding to treatment and was not likely to recover. The petition sought review of the distribution made of the property of the parties in the decree in light of her condition which was alleged to be unknown to the court and Edward Green when the decree was entered.

At an evidentiary hearing held on the petition Bertha Green's physician, Dr. Richard Fiedler, testified that a certain percentage of persons with breast cancer will suffer a recurrence after surgery but that he had seen no change in Bertha's condition from her surgery in October 1976 until in August 1977 the bone scan procedure disclosed cancer of her spine. He testified this spread of the disease indicated a short life expectancy, perhaps of two years, and that such was her condition in October 1977 when the divorce decree was entered. Dr. Fiedler also testified that by the time of the section 72 hearing the cancer had spread to Bertha's liver and she then had but a short time to live, perhaps a few months. He further stated that had he been called upon to testify before the October 1977 date he could not then have predicted liver involvement but, nonetheless, her life expectancy would then have been limited.

On May 9, 1978, the trial court granted the section 72 petition and vacated the property award previously made under the decree. Bertha Green died of cancer May 14, 1978, and on September 1, 1978, the trial court entered a new order disposing of the property of these parties in which the marital home was awarded to Edward Green.

The issue which we consider is whether under the circumstances of this case the knowledge acquired by Edward Green several months after the entry of the divorce decree that Bertha Green's cancerous condition had worsened will justify a modification of the decree pursuant to a section 72 petition.

■■ ■ To prevail, it was encumbent upon petitioner to present newly discovered evidence which, had it been presented at trial, would have altered its outcome (see, *e.g.*, *Jordan v. Jordan* (1976), 38 Ill. App. 3d 781, 349 N.E.2d 116). Section 72 is not, however, intended to provide a device for adjusting judgments in accordance with events occurring after the judgment is entered (23 Ill. L. & Prac. *Judgments* §198 (1979)) and cannot be utilized to again put in issue matters which have previously been adjudicated. A petitioner must also show that the undisclosed facts or

defense not earlier submitted were not omitted through negligence or lack of diligence on the part of movant. (*Miller v. Miller* (1978), 65 Ill. App. 3d 844, 382 N.E.2d 823; *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 294, 372 N.E.2d 902, 908.) These precepts are consistent with a strong judicial policy favoring the finality of judgments. *Biedess v. Silverman* (1970), 131 Ill. App. 2d 461, 264 N.E.2d 826.

Both Edward Green and the trial court were aware when the divorce and property hearings concluded on July 21, 1977, that Bertha Green was seriously ill with cancer. The evidence does not suggest that she sought to conceal her condition from him or that either she or her medical advisors were unwilling to keep him informed of her condition if he so desired. It is apparent that during the several weeks between the submission of this matter to the trial court on July 21, 1977, and entry of its decree on October 7, 1977, that her condition worsened. On August 1 her doctor had learned the cancer had in fact spread to the extent her life span was limited to "two years at the outside." No reason is disclosed by the record which would have prevented Edward Green or his counsel from learning of this progression of her cancerous condition. It would have been entirely reasonable to seek to do so even after trial, and in the 30-day period after entry of the decree during which the matter remained before the trial court, had he believed it to be necessary or advantageous. Undoubtedly he would have had the assistance of the trial court in such an effort if that became necessary. The fact of Bertha Green's medical condition as it related to the disposition of the property of these parties was known and could have been even more precisely ascertained by Edward Green while the matter was before the trial court. (*Cf. People v. Stergar* (1979), 77 Ill. App. 3d 660.) His failure to do so, if he deemed that necessary to a proper division of the property in the divorce action, demonstrated negligence and lack of diligence on his part. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.

For the foregoing reasons the order of the Circuit Court of Kane County granting the petition for modification of the decree for divorce is reversed.

Reversed.

LINDBERG and SEIDENFELD, JJ., concur.